**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff–Appellant,**

v.

**CITY OF DETROIT HEALTH DEPARTMENT, HERMAN KIEFER COMPLEX, Defendant–Appellee.**

No. 89–2337.

United States Court of Appeals, Sixth Circuit.

Argued Sept. 20, 1990.

Decided Nov. 30, 1990.

Stanley H. Pitts, Detroit, Mich., Samuel A. Marcosson (argued), E.E.O.C., Office of the Gen. Counsel, Washington, D.C., for plaintiff-appellant.

Terri L. Hayles (argued), City of Detroit Law Dept., Detroit, Mich., for defendant-appellee.

Before KENNEDY and GUY, Circuit Judges, and BROWN, Senior Circuit Judge.

BAILEY BROWN, Senior Circuit Judge.

The Equal Employment Opportunity Commission (EEOC) appeals the decision of the district court denying the Principal Medical Technologists (PMT's) employed by the City of Detroit Health Department liquidated damages (i.e. double damages, *see* 29 U.S.C. § 216(b)) in this action under the Equal Pay Act. The EEOC contends that because the jury determined that the City of Detroit (City) willfully violated the Equal Pay Act, the district judge was precluded from exercising discretion not to award liquidated damages.[1] The City contends that the district judge had full discretion not to award liquidated damages de-

spite the jury's determination. We agree with the EEOC that once the jury determined that the City willfully violated the Equal Pay Act, the district judge had no discretion not to award liquidated damages. Accordingly, we REVERSE and REMAND.

I

The PMT's employed by the City Health Department, Herman Kiefer Medical Complex, are females. The Principal Analytical Chemist (PAC) is male. The City paid the PMT's lower salaries than the City paid the PAC.

The PMT's are supervisory personnel who oversee lab testing for venereal diseases. The City requires a PMT to hold a bachelor degree in medical technology. The PMT's duties specifically include supervising subordinate employees in the lab, issuing employee assignments, arranging employee schedules, maintaining quality control for lab equipment and performing lab testing.

The PAC supervises the City's chemical testing laboratory overseeing lab testing for controlled substances. Although the PAC holding the title at the commencement of this action held a Ph.D., the City requires the PAC to hold only a bachelor degree. The PAC's duties include supervising subordinate employees in the lab, training lab aides, training chemists, issuing reports, maintaining the lab equipment and conducting drug testing.

The president of the local of the Association of Professional and Technical Employees (APTE) complained to the City in 1984 on behalf of the PMT's that the female PMT's were paid less than the comparable male PAC. The APTE president requested a formal job survey by the City to correct any pay discrepancy. A formal job survey includes a field audit and the use of questionnaires to determine if a pay discrepancy is based on the sex of the job holder. Despite the APTE's request, the City treated the matter only as a wage adjustment is-

---

1. The EEOC's fallback contention is that, even if the district judge had such discretion, he must articulate his reason for so exercising it. Be-

cause we determine that the district judge had no discretion, we do not reach this issue.

sue. The City only compared the job classifications and minimum entrance qualifications of the two positions. Without conducting a job survey, the City concluded that the PMT's job duties did not warrant a wage adjustment.

The APTE subsequently complained to the City regarding the City's failure to conduct a job survey. The APTE informed the City that the APTE was advising the PMT's to file complaints with the EEOC. After the PMT's filed complaints with the EEOC, the EEOC filed suit in the United States District Court on behalf of the PMT's in December 1987. The EEOC alleged that the City willfully violated the Equal Pay Act by failing to pay the female PMT's the same salary as the PAC despite the fact that their work required equal skill, effort and responsibility.

The jury returned a verdict specifically finding that the City willfully violated the Equal Pay Act by paying the PMT's less than the PAC. The district court ordered the City to pay the PMT's $102,656.33 in backpay. The district court also awarded the PMT's prejudgment interest of $21,-619.42. The district court, however, refused to award the PMT's liquidated damages. The EEOC appealed the district court's decision not to award liquidated damages.[2]

## II

The sole issue to be decided on appeal is whether the district court erred in failing to award liquidated damages after the jury found a willful violation of the Equal Pay Act. An award of liquidated damages for a violation of the Equal Pay Act, 29 U.S.C. § 206(d) (1978), is governed by the Fair Labor Standards Act (FLSA). 29 U.S.C. §§ 201–219 (1978 & 1985). Section 216(b) of the FLSA provides in part:

Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, *and in an additional equal amount as liquidated damages.*
§ 216(b) (emphasis added).

If the employer shows to the satisfaction of the court, however, that the act or omission giving rise to the action under the Equal Pay Act, 29 U.S.C. § 206(d), was in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation of the Equal Pay Act, then the court may in its discretion order no liquidated damages. The Portal-to-Portal Pay Act of 1947, 29 U.S.C. § 260 (1985).

The EEOC argues that because the jury determined that the City Health Department willfully violated the Equal Pay Act, the trial court was obligated to award liquidated damages. Since the district court refused to award liquidated damages, the EEOC contends that the district court implicitly found that the City had acted in good faith and had reasonable grounds to believe that no violation of the Equal Pay Act was occurring. The EEOC reasons that the jury's finding of a willful violation is inconsistent with the district court's implicit finding that the City proceeded in good faith with a reasonable belief that the respective salaries did not violate the Equal Pay Act. Consequently, the EEOC urges this court to reverse the district judge's refusal to award liquidated damages.

The question whether the City willfully violated the Equal Pay Act was submitted to the jury without objection from the City, and the City does not contend on appeal that the issue should have been reserved by the judge and not submitted to the jury. The reason that it was necessary to determine whether the City had acted willfully had to do with the applicable statute of limitations. 29 U.S.C. § 255(a). Under this provision, a recovery could be had for violations for a period of only two years prior to filing of the action unless the City had acted willfully, in which case the recovery could be had for a period of three years prior to filing. The complaint in this case

---

**2.** The EEOC does not contend that it is entitled to recover both prejudgment interest and liqui-dated damages; it contends that it is entitled to recover only liquidated damages.

alleged violations over a period in excess of three years prior to filing.[3]

As heretofore stated, the EEOC was entitled to recover liquidated damages unless the judge determined that the City was in good faith and had reasonable grounds for believing that the act or omission was not a violation of the Equal Pay Act. 29 U.S.C. §§ 206(d) and 216(b).[4]

The EEOC contends, we believe correctly, that the finding of a willful violation by the jury is inconsistent with the implicit finding by the judge that the City acted in good faith and with reasonable grounds for believing that its acts or omissions were not a violation of the Equal Pay Act. In *Richland Shoe, supra,* the Supreme Court held that for purposes of determining whether the two or three year statute of limitations should be applied, the three year statute applies if "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute...." *Id.,* 486 U.S. at 133, 108 S.Ct. at 1681. The City does not contend that the finding of a willful violation by the jury was not such a finding. It appears to us that this finding by the jury is absolutely inconsistent with the implicit finding by the district court that the City had acted in good faith and with reasonable grounds for believing that its acts or omissions were not a violation of the Equal Pay Act.

Since the jury determined that the City's violation of the Equal Pay Act was willful, and since the district court was, in determining whether the violation was in good faith and with reasonable grounds, presented with the same issue, the district court was bound by the jury finding. *Korte v. Diemer,* 909 F.2d 954 (6th Cir.1990).

### III

The judgment of the district court denying liquidated damages is REVERSED and the case is REMANDED to the district court for the vacation of the award of prejudgment interest and for the institution of an award of liquidated damages equal to the amount of compensatory damages.

RALPH B. GUY, Jr., Circuit Judge, concurring. I concur because I believe the court has given a logical answer to the issue as presented by the parties. Nonetheless, I am concerned about the result we reach in this case, and write briefly to express my concerns.

First, the issue of whether the trial judge was preempted from making a "good faith" determination in this case because of the jury's decision on the issue of "willfulness" is presented for the first time on appeal. This argument was never made to Judge Woods in the post-verdict proceedings in the district court. After the jury returned a verdict in favor of the employees, the EEOC filed a document entitled "Plaintiff Equal Employment Opportunity Commission's Motion for Entry of an Order on the Issue of Damages." In this brief document, the EEOC requested that the district court enter an order (1) awarding back pay relief in the amount of $102,656.33, and (2) awarding liquidated damages in addition to the back pay relief, in an amount equal to the back pay. The EEOC never argued in the motion or the supporting brief that the court was bound on the issue of "good faith" because the

---

**3.** Since the City does not contend that the issue of willfullness should not have been submitted to the jury and that it should have been reserved for decision by the judge, we need not decide the question. There are cases in which the issue of willfullness for statute of limitations purposes was decided by the judge (*McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988), and *Martinez v. Food City, Inc.,* 658 F.2d 369 (5th Cir.1981)), and there are other cases in which it was decided by the jury (*Castillo v. Givens,* 704 F.2d 181, 185 n. 8 (5th Cir.), *cert. denied,* 464 U.S. 850, 104 S.Ct. 160, 78 L.Ed.2d 147 (1983), and *EEOC v. State*

*of Delaware,* 865 F.2d 1408 (3d Cir.1989)). In none of these cases, however, was this an issue on appeal.

**4.** *Cf. Rose v. National Cash Register Corp.,* 703 F.2d 225 (6th Cir.), *cert. denied,* 464 U.S. 939, 104 S.Ct. 352, 78 L.Ed.2d 317 (1983), and *Hill v. Spiegel, Inc.,* 708 F.2d 233 (6th Cir.1983), which are cases under the Age Discrimination in Employment Act, under which liquidated damages can be awarded only if there is a finding of a "willful" violation of the Act. 29 U.S.C. § 626(b).

jury had made a finding of "willfulness." In fact, the EEOC even prayed in the alternative for prejudgment interest in the event that the court did not award liquidated damages. The trial judge elected to award prejudgment interest rather than liquidated damages and the EEOC filed a motion and supporting brief to alter or amend the judgment. Again the EEOC made no claim that Judge Woods was bound by the jury verdict on the "good faith" issue. Rather, it argued that the City of Detroit had failed to demonstrate that its actions were taken in good faith, and it further pointed out, correctly I might add, that the trial judge had failed to set forth any findings, as is required, indicating why liquidated damages were not awarded. Thus, the question of the binding effect of the jury's verdict on the judge was raised for the first time on appeal, albeit that the City of Detroit raised no objection as to the timeliness.

I would probably be less troubled by this procedural irregularity were it not for the fact that I believe the decision we reach today does not comport with what I perceive to be the clear intent of Congress to have the trial judge do the "good faith" calculus. The EEOC concedes that the only justification for submitting the issues of willfulness to the jury was in order to make a determination as to whether back pay and liquidated damages should be awarded for a three-year period or a two-year period. This leaves the anomalous situation in a case in which only two years' back pay is at issue that the trial judge will still be free to make the "good faith" determination, whereas, in every case in which there is an issue as to whether the three-year limitations period should apply, the trial judge will be preempted by the jury's resolution of this issue. This clearly could not be what Congress intended. Were I to leave it there, I would have to dissent rather than concur in the court's decision; however, I believe there may be a plausible explanation for this strange result. In order to understand the possible explanation, however, it is first necessary to briefly review the evolution of the FLSA into its present form. Rather than reconstruct the relevant legislative evolvement on my own, I simply offer the history as contained in relevant Supreme Court decisions.

> By its terms, 29 U.S.C. § 216(b) requires that liquidated damages be awarded as a matter of right for violations of the FLSA. However, in response to its dissatisfaction with that judicial interpretation of the provision, Congress enacted the Portal-to-Portal Act of 1947, 61 Stat. 84, which, *inter alia*, grants courts authority to deny or limit liquidated damages where the "employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of" the FLSA, § 11, 29 U.S.C. § 260 (1970 ed., Supp.V).

*Lorillard v. Pons*, 434 U.S. 575, 581 n. 8, 98 S.Ct. 866, 870–71 n. 8, 55 L.Ed.2d 40 (1978).

As to the history of the changes made in the statute of limitations provisions of the FSLA, the following is helpful:

> Because no limitations period was provided in the original 1938 enactment of the FLSA, civil actions brought thereunder were governed by state statutes of limitations. In the Portal-to-Portal Act of 1947, 61 Stat. 84, 29 U.S.C. §§ 216, 251–262, however, as part of its response to this Court's expansive reading of the FLSA, Congress enacted the 2–year statute to place a limit on employers' exposure to unanticipated contingent liabilities. As orginally enacted, the 2–year limitations period drew no distinction between willful and nonwillful violation.

> In 1965, the Secretary proposed a number of amendments to expand the coverage of the FLSA, including a proposal to replace the 2–year statute of limitations with a 3–year statute. The proposal was not adopted, but in 1966, *for reasons that are not explained in the legislative history,* Congress enacted the 3–year exception for willful violations.

*McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 108 S.Ct. 1677, 1680–81, 100

L.Ed.2d 115 (1988) (footnotes omitted) (emphasis added).

At the time Congress provided for a three-year statute of limitations conditioned upon a showing of willfulness, the willfulness threshold was so easy to meet that an employer arguably could have acted willfully for statute of limitations purposes but still have been found to have acted in good faith insofar as an award of liquidated damages was concerned. *Coleman v. Jiffy June Farms, Inc.*, 458 F.2d 1139 (5th Cir.), *cert. denied*, 409 U.S. 948, 93 S.Ct. 292, 34 L.Ed.2d 219 (1972). However, in 1988, the Supreme Court rejected the so-called *Jiffy June* standard and, instead, defined willfulness for FLSA purposes to have the same meaning that the Court gave the term in *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 105 S.Ct. 613, 83 L.Ed.2d 523 (1985). Under this standard, the employer will not be deemed to have acted willfully unless it knew or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA. With that definition, it is hard to mount a serious argument that an employer, found to have acted willfully, could nonetheless still be found to have acted in good faith. If this premise is true, then the two-tiered review arguably intended by Congress becomes impossible, and there is really only one level of review of the employer's conduct in cases in which the issue of willfulness is submitted to the jury. Since Congress has readily acted in the past to amend the FLSA in response to court decisions which were not to its liking, I have no reason to believe other than that the solution to this problem also lies with Congress.