Rosemarie **GANDY**

v.

**SULLIVAN COUNTY, TENNESSEE, et al.**

No. CIV–2–91–291.

United States District Court, E.D. Tennessee, at Greeneville.

March 22, 1993.

D. Bruce Shine, and Donald F. Mason, Jr., Law Offices of Shine & Mason, Kingsport, TN, for plaintiff.

Mark S. Dessauer, Hunter, Smith & Davis, Kingsport, TN, Charlton R. DeVault, Jr., John S. McLellan, III, Kingsport, TN, for defendants.

## *ORDER*

HULL, District Judge.

This Equal Pay Act claim is before the Court to consider a motion for determination of the amount of compensatory and liquidated damages [Doc. 47], and a motion for judgment as a matter of law or for a new trial [Doc. 48] filed by the defendants, as well as a motion for determination of the amount of damages filed by the plaintiff. [Doc. 49]. After careful consideration of the record as a whole, including the trial transcript filed in this cause, it is hereby ORDERED as follows:

*DEFENDANTS' MOTION FOR JUDG-MENT AS MATTER OF LAW OR FOR A NEW TRIAL*

In regard to the defendants' motion for a new trial, the Court finds that the evidence presented at trial does support the jury verdict, and that the Court's jury instructions and cautionary instructions during the course of the trial do not constitute prejudicial and reversible error, but are supported by the law and the facts. The Court also finds that the exclusion of defendants' exhibits 12, 14, 16, 17, 19, and 20 was appropriate, because these exhibits were not shown to be material to the relevant period of comparison from December 16, 1980, through June 30, 1982, between the plaintiff and her male predecessor.

▮ In regard to the defendants' remaining ground for this motion, that the plaintiff's cause of action is barred by the applicable statute of the limitations, the Court finds that this ground is without merit also. In *E.E.O.C. v. Penton Inds. Pub. Co., Inc.*, 851 F.2d 835, 839 n. 8 (6th Cir.1988), the Court specifically notes:

In support of this argument, the EEOC has cited to a number of its interpretative regulations directed to situations where an employee was paid at a different wage rate than was a previous or subsequent employee of the opposite sex. *See,* 29 C.F.R. §§ 1620.13(b)(2)–(5) (1987). These regulations, however, deal with instances where there was no similarly situated employee of the opposite sex working at the time of the alleged violation, and have been limited in their application to cases where the aggrieved party who initiated the discrimination charge was either the predecessor or successor of the more highly paid employee. *See Clymore v. Far–Mar–Co.*, 709 F.2d 499, 501–02 (8th Cir.1983); *Bartelt v. Berlitz School of Languages,* 698 F.2d 1003, 1005 n. 1 (9th Cir.), *cert. denied,* 464 U.S. 915, 104 S.Ct. 277, 78 L.Ed.2d 257 (1983); cf. *Hodgson v. Behrens Drug,* 475 F.2d 1041, 1049 & n. 11 (5th Cir.1973) (also involved current wage disparities).

Because this case involves a female plaintiff who is the successor of a more highly paid male employee, and because there was no similarly situated employee of the opposite sex working at the time of the alleged violation, the Court finds that 29 C.F.R. §§ 1620.13(b)(2)–(5) is applicable to the facts of this case. Section 1620.13(b)(5) provides:

It is immaterial that a member of the higher paid sex ceased to be employed prior to the period covered by the applicable statute of limitations period for filing a timely suit under the EPA. The employer's continued failure to pay the member of the lower paid sex the wage rate paid to the higher paid predecessor constitutes a prima facie continuing violation. Also, it is no defense that the unequal payments began prior to the statutory period.

Based upon this section, the Court finds that a continuing violation did occur under the facts of this case, because the plaintiff was repeatedly denied reclassification to the higher "K" level of pay that had been received by her predecessor, and therefore, plaintiff's cause of action is not barred by the statute of limitations.

Accordingly, the defendants' motion for judgment as a matter of law or for a new trial is DENIED. [Doc. 48].

*MOTIONS FOR THE COURT TO DETER-MINE DAMAGES*

▮ The Court finds that the defendants' argument that the plaintiff eventually made as much on or about September 7, 1987 at the "F" level as her predecessor was making at the "K" level on June 30, 1982, and therefore she is not entitled to back wages, totally ignores the fact that a disparity in pay in fact exists, because the plaintiff would have been making more at the "K" level as of September 7, 1987 than she would have made at the "F" level. The Court finds that plaintiff's back wages should be calculated for the period of September 6, 1988 to November 20, 1992 at the "K" level and the defendant's motion in regard to calculation of damages is DENIED. [Doc. 47].

▮ The plaintiff's motion for judgment in the amount of $16,096.50 for compensatory damages, $16,096.50 for liquidated damages based on the jury's finding of willfulness, attorney's fees in the amount of $32,068.75,

and costs of $698.05, or for a total judgment in the amount of $64,959.80 is GRANTED. [Doc. 49]. Plaintiff's supplemental motion for pre-judgment interest in regard to plaintiff's compensatory and liquidated damages is DENIED [Doc. 54], because an award of pre-judgment interest is inappropriate when liquidated damages have been awarded. *E.E.O.C. v. City of Detroit Health Dept.*, 920 F.2d 355 (6th Cir.1990).