**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**James W. HERSHBERGER,
Defendant–Appellant.**

**No. 90–3150.**

United States Court of Appeals,
Tenth Circuit.

May 6, 1992.

Michael S. Holland, Russell, Kan., for defendant-appellant.

Richard L. Hathaway, Asst. U.S. Atty. (Lee Thompson, U.S. Atty., with him on the brief), Topeka, Kan., for plaintiff-appellee.

Before BALDOCK and BARRETT, Circuit Judges and DAUGHERTY, District Judge *.

DAUGHERTY, Senior District Judge.*

James W. Hershberger appeals his sentences resulting from his convictions on 25 counts of fraud perpetrated by Hershberger on numerous financial institutions and investors who provided capital to a corporation which he controlled and managed. Twenty of the 25 counts were sentenced under pre-Sentencing Guideline law, while the sentences on the remaining five counts were imposed pursuant to the dictates of the United States Sentencing Guidelines. Appellant Hershberger was given concurrent sentences of five years on each of the pre-Guideline counts and 57–month concurrent sentences on each of the Guideline counts, with the pre-Guideline and post-Guideline sentences to be served consecutively. Hershberger was also sentenced to three years supervised probation upon his release from confinement.

In this Appeal, Appellant Hershberger contends that the district court violated Rule 32(c)(3)(D) of the Federal Rules of Criminal Procedure by failing to conduct an adversary hearing to ascertain with reasonable certainty the monetary losses caused by Hershberger's conduct which related to the five Guideline counts. Appellant Hershberger also contends that the district court erred in imposing consecutive sentences on Hershberger without notice and hearing, contending that such consecutive sentences represent an upward departure from the applicable Sentencing Guidelines.

■ In reviewing a question of the interpretation and application of the Sentencing Guidelines, a *de novo* standard of review is applied. *United States v. Tisdale*, 921 F.2d 1095, 1100 (10th Cir.1990). Factual determinations are reviewed under the clearly erroneous standard. *United States v. Banashefski*, 928 F.2d 349, 351 (10th Cir.1991); *United States v. Rutter*, 897 F.2d 1558, 1566 (10th Cir.), *cert denied,* —— U.S. ——, 111 S.Ct. 88, 112 L.Ed.2d 60 (1990).

Because this appeal concerns sentencing issues only, it is unnecessary to recite the complicated facts of this case in detail. Suffice it to say that Defendant–Appellant Hershberger was charged in the indictment with 37 counts of fraud, among them mail fraud, bank fraud and transportation of stolen goods and securities. Hershberger's trial began on January 9, 1990, and verdicts were reached on February 21, 1990. Hershberger was either acquitted or the jury could not reach agreement on 12 of the counts, and he was convicted on the remaining 25.

A separate presentence investigation report was prepared by the Probation Office for the pre-Guideline convictions and the Guideline convictions. The Government and the Appellant each made certain objections to the presentence reports, and those objections were responded to by the Probation Office. On May 7, 1990, at sentencing, the trial court gave the Defendant and his attorney the opportunity to controvert information contained in the two presentence investigation reports. At that time, the Defendant–Appellant provided no additional evidence beyond the written objections made to the presentence reports. The Defendant was thereupon sentenced on each of the 20 pre-Guideline convictions to five years to be served concurrently with each other. On the Guideline convictions, Hershberger was sentenced to 57 months on each conviction to run concurrently to each other but consecutively to the pre-Guideline sentence.

■ One of Hershberger's contentions on appeal is that the imposition of the consecutive sentences constituted an upward departure from the Guideline range without notice from the Court that it was invoking the Guideline provisions regarding such departure and that those departure procedures were not complied with. The Appellant does not complain that the sentences, either pre-Guideline or Guideline, imposed by the trial court are illegal or improper taken individually, except as to the monetary loss amounts used to calculate certain of the Guideline sentences. It

* Honorable Frederick A. Daugherty, Senior United States District Judge for the Western District of Oklahoma, sitting by designation.

is undisputed that the 57 months imposed by the Court on each of the Guideline convictions was within the applicable sentencing range based on the factors used by the Court, and the Appellant makes no assertion that the pre-Guideline sentences were outside the applicable range of sentences as fixed by the Congress.

It is the contention of the Appellant that the imposition of consecutive sentences is a *de facto* upward departure from the Guideline sentencing range, thus requiring that the Court follow the procedures mandated by 18 U.S.C. § 3553(b) for departure from the Guidelines. The Appellant asserts that he should have been given reasonable notice of the Court's intent to impose these consecutive sentences, and an opportunity to have a hearing on the proposed upward departure. The Court could then make an upward departure from the Guidelines only if it finds the existence of aggravating circumstances that were not adequately taken into account in the formulation of the Guidelines themselves. *U.S. v. Gardner*, 905 F.2d 1432 (10th Cir.1990).

The Appellant cites several cases in support of his position that the imposition of consecutive sentences is an upward departure from the Guideline sentencing range. Unlike the situation in the case at bar, however, all of the cases cited by the Appellant in support of this proposition involve sentences on convictions that are all covered by the Sentencing Guidelines, which became effective on November 1, 1987. As an example, the recent Supreme Court case of *Burns v. United States*, 501 U.S. ——, 111 S.Ct. 2182, 115 L.Ed.2d 123 (1991), a case involving only Guideline convictions, states that before a district court can disregard the mechanical application of the Guidelines and thus depart upward from the sentence mandated by those Guidelines, it must find "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission...." *Burns*, 111 S.Ct., at 2185, (citing 18 U.S.C. § 3553(b)).

Despite the above holding, nothing in *Burns* or any of Appellant's other cited authorities suggest that Guideline law must be applied to pre-Guideline cases, thus preventing the district court from using its unfettered discretion to impose consecutive sentences when pre-Guideline convictions are involved with Guideline convictions. This proposition is clearly stated in the case of *United States v. Watford*, 894 F.2d 665 (4th Cir.1990), in which the Court held unequivocally that a sentence for a Guideline conviction could be imposed consecutively to a sentence imposed for a pre-Guideline conviction, even though a concurrent sentence might be required if both convictions were imposed under the Sentencing Guidelines.

Defendant Watford was convicted of one count of conspiring to commit mail fraud, six counts of mail fraud and two counts of interstate transportation of stolen property. He was sentenced to five years imprisonment on the convictions of pre-Guideline substantive mail fraud and ten-year terms on the pre-Guideline substantive convictions of the interstate transportation of stolen property. Some of these terms were to be served concurrently and some consecutively, resulting in a total sentence of 35 years. Watford was sentenced on the remaining conspiracy conviction under the provisions of the Sentencing Guidelines to a five-year term of imprisonment to be served consecutively with the 35–year term. Two other defendants in the case were sentenced in similar fashion.

All three of the defendants in *Watford* asserted on appeal, among other contentions, that the district court erred in directing that the Guideline sentence for conspiracy be served consecutively to the sentences for the substantive pre-Guideline convictions. The Fourth Circuit stated, in discussing the pre-Guideline convictions, that "prior to the effective date of the Guidelines, judges, subject to few limitations not applicable here, were given unbridled discretion in fashioning a sentence." *Watford*, 894 F.2d, at 667, (citing *United States v. Tucker*, 404 U.S. 443, 446, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972)). The Court acknowledged that had the dates of all of the counts occurred after November 1, 1987, the effective date of the Guide-

lines, they would all have been subject to the strictures of the Sentencing Guidelines and it would have been necessary to sentence Watford and his codefendants according to the policies and rules enunciated in those Guidelines.

The Fourth Circuit in *Watford*, however, does not extend the provisions of the Sentencing Guidelines, specifically those relating to concurrent/consecutive terms, to the pre-Guideline convictions. The Court states in this regard that:

> "Since the conspiracy count was the only count subject to the Sentencing Guidelines and the dictates of the Sentencing Reform Act, that is as far as the Guidelines can reach in their requirements. As we have recognized, the sentencing court has unfettered discretion to impose sentences on pre-Guideline counts consecutively or concurrently. And nothing in the Guidelines or the Sentencing Reform Act precludes the Court from ordering that a sentence imposed on a pre-Guidelines count be served consecutively to a sentence imposed on a Guidelines count."
> *Watford,* 894 F.2d, at 669.

In conclusion, the Fourth Circuit held that the district court could be reversed only if the Guidelines sentence was imposed improperly. Because there was no contention in *Watford* that the Guidelines sentence was improper, the Fourth Circuit held that the district court's determination as to appropriate sentencing should not be disturbed.

The rationale of the *Watford* case was expressly adopted by the Fifth Circuit in *U.S. v. Garcia,* 903 F.2d 1022 (5th Cir. 1990), *cert. denied,* — U.S. —, 111 S.Ct. 364, 112 L.Ed.2d 327 (1990). That Court held that "[i]n light of our concurrence with *Watford* and Garcia's concession that the district court properly imposed a 21–month term of imprisonment on the Guidelines count, we reject Garcia's contention that the imposition of consecutive sentences constituted a departure from the Sentencing Guidelines." The holding of *Watford* has also been adopted by the Seventh Circuit in *United States v. Ewings,* 936 F.2d 903 (7th Cir.1991), and the Eighth

Circuit in *United States v. Lincoln,* 925 F.2d 255 (8th Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 2838, 115 L.Ed.2d 1006 (1991). Also see the recent opinion of this Circuit in *United States v. Haddock,* 956 F.2d 1534 (10th Cir.,1992).

While this issue of consecutive sentencing is a matter of first impression in this Circuit, this Court is persuaded that the reasoning in *Watford* is the correct solution to the problem of sentencing one individual under two disparate sentencing procedures. The holdings of *Watford* and *Garcia* are hereby adopted by this Court, and thus the Appellant's contention that the district court improperly departed from the Sentencing Guidelines by imposing consecutive sentences on Guideline convictions with pre-Guideline convictions is erroneous and should be rejected.

In light of the above holding, as there is no upward departure in this case from the Sentencing Guidelines, it is unnecessary for this Court to consider whether or not the Appellant was given adequate notice of and hearing on an upward departure.

Appellant Hershberger's other argument on appeal is stated as follows in his brief:

> "I. The district court violated the Federal Rule of Criminal Procedure 32(c)(3)(D) by failing to conduct an adversary hearing to ascertain with reasonable certainty the monetary loss caused by Hershberger's conduct and thereafter make specific findings as to the controverted question of monetary loss."

This argument on its face appears to contain two complaints: (1) failure of the Court to conduct an adversary hearing to ascertain the disputed monetary loss figures with reasonable certainty, and (2) not making findings about alleged factual inaccuracies in the presentence report regarding monetary losses. To these two complaints, Appellant thereafter in his brief adds a third, namely, the failure of the Court to afford him confrontation rights at his sentencing hearing.

Rule 32(c)(3)(D) of the Federal Rules of Criminal Procedure mentioned in the above argument provides:

"(D) If the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons."

The Appellant states that an adversary hearing is mandatory in a sentencing hearing on due process grounds if there is a factual dispute. Though it is not contained in his argument above stated, Appellant also contends in view of factual disputes that he was entitled to the right of confrontation at his sentencing hearing and cites the Eighth Circuit case of *United States v. Fortier*, 911 F.2d 100 (8th Cir.1990), and the case of *U.S. v. Silverman*, 945 F.2d 1337 (6th Cir.1991), as being in support of this position.

The Court concludes that Appellant's position and argument on both points are incorrect. Rule 32(c)(3)(A), not Rule 32(c)(3)(D), pertains to Defendant's complaint that the Court failed to conduct an adversary hearing at his sentencing, and provides in part:

"The court shall afford the defendant and the defendant's counsel an opportunity to comment on the report and, in the discretion of the court, to introduce testimony or other information relating to any alleged factual inaccuracy contained in it."

■ Under this Rule, not only is it discretionary with the Court, rather than mandatory as Appellant claims, to receive testimony or other information relating to an alleged factual inaccuracy contained in the presentence report, but in this case the Court in the exercise of this discretion offered the Appellant an opportunity to present testimony or other information in addition to his written objections already on file regarding his presentence report. The Court stated as follows:

"Do you want to be heard on these (objections) at this time?"

To which the Appellant through counsel stated:

"Your Honor, if it please the Court, after reading the draft of the guideline presentence report, we had our meeting with the Probation Department, and [the prosecutor] was present, and we voiced our objection. Those objections are contained within the presentence report. We still stand on those objections.

After reviewing the presentence report which also applies to the nonguideline cases, we stated our objections, and our objections are in the written statement to the Court. We also stand on those statements, Your Honor.

Beyond the written objections which we made, which we think are valid, we have no additional objections to present to the Court."

Hence, the Court concludes that Appellant's argument that an adversary hearing (as distinguished from comments by Defendant and his counsel to the presentence report at sentencing) is mandatory is incorrect. Moreover, Appellant was offered the opportunity by the Court in the exercise of its discretion to present testimony and further information in addition to or in support of his written objections to the presentence report, but the Appellant declined this offer and stood on his written objections.

■ As to Appellant's additional assertion that the Confrontation Clause of the United States Constitution was applicable to his sentencing hearing (and that it was mandatory for the Court to conduct such a hearing), this Court declines to follow the *Fortier* and *Silverman* cases and prefers the holding of the Third Circuit as announced in *U.S. v. Kikumura*, 918 F.2d 1084 (3rd Cir.1990), as stated by the following language:

"We are, however, reluctant to superimpose the jurisprudence of the Confronta-

tion Clause upon the sentencing phase. As a textual matter, the Sixth Amendment, which refers to 'criminal prosecution,' arguably applies only at trial ... [t]he procedural protections afforded a convicted defendant at sentencing are traditionally less stringent than the protections afforded a presumptively innocent defendant at trial." *Kikumura*, 918 F.2d, at 1102.

Our Circuit in *United States v. Beaulieu*, 893 F.2d 1177 (10th Cir.1990), *cert. denied,* —— U.S. ——, 110 S.Ct. 3302, 111 L.Ed.2d 811 in distinguishing an Eleventh Circuit case which limited the type of information that could be considered by a sentencing judge, stated that such case was overly broad and "does not adequately recognize the differences between the guilty phase and the sentencing phase of the criminal proceeding. The Supreme Court has made clear that the constitutional requirements mandated in the criminal trial as to confrontation and cross-examination do not apply to noncapital sentencing proceedings." *Beaulieu*, 893 F.2d, at 1180.

Accordingly, we today reaffirm the principles enunciated in *Beaulieu*, and state again that it is the position of this Circuit that constitutional provisions regarding the Confrontation Clause are not required to be applied during sentencing proceedings. To hold otherwise would be contrary to the very wording of the Guidelines and the Guideline commentaries themselves, and would be an unwarranted and unnecessary burden on the trial court. As a result, this court declines to adopt the holdings of the Eighth Circuit and the Sixth Circuit in *Fortier* and *Silverman*, and will continue to allow reliable hearsay evidence to be used during the sentencing phase without the right of confrontation and cross-examination. Moreover, though discretionary and not mandatory, Appellant was offered an adversary hearing and declined the same.

■ In his remaining argument on appeal, if the Appellant claims (as it appears from his brief) that the monetary loss involved in the frauds in each of the five Guideline counts he was convicted of committing may not be used to increase his sentencing level except on the basis of the *actual* monetary loss suffered by his victims in each count, this position is erroneous. Guideline commentary following § 2F1.1 in force herein states in part:

"In keeping with the Commission's policy on attempts, if a probable or intended loss that the Defendant was attempting to inflict can be determined, that figure would be used if it was larger than the actual loss ... The amount of loss need not be precise. The Court is not expected to identify each victim and the loss he suffered to arrive at an exact figure. The Court need only make a reasonable estimate of the range of loss, given the available information."

Similar statements are made in the Guideline commentary following § 2B1.1 as well. Thus, any contention by the Appellant that the monetary loss if used to enhance punishment *must* be determined only by the *actual loss* of the victims is erroneous when he was sentenced and does not comport with the clear language of the Guidelines as they then existed. A probable or intended loss would be used when appropriate.

The case of *United States v. Johnson*, 908 F.2d 396 (8th Cir.1990), states:

"A defendant's offense level should not turn on whether or not the banks recovered some of their potential loan losses. Rather, the focus for sentencing purposes should be on the amount of the possible loss which [the Appellant] attempted to inflict on the banks."

*Johnson*, 908 F.2d, at 398.

This rationale would logically apply as well to the determination of any probable or intended loss to Appellant's investors on the waterflood project. Thus, if probable or intended loss can be determined and it is larger than actual loss, it would be used under the above Guideline principles to determine the proper level or range under the Sentencing Guidelines.

In this case, the presentence report on the Guideline counts provided information on probable and/or intended losses on the two bank fraud and one waterflood/investor fraud counts. The Appellant objected in writing to this information, and in said

objection provided information on alleged actual losses as to the two bank fraud counts (Count XX and XXI) and the one waterflood/investor count (interstate transportation—Count XXXVII). This dispute involves the presentence report asserting a probable or intended loss which Appellant attempted to inflict on his investors (Count XXXVII) of $763,850 versus $168,000 as the actual loss claimed by Appellant, and a probable or intended loss which Appellant attempted to inflict on his bankers of $408,000 versus $138,000 as the actual loss claimed by Appellant. The Government also objected in writing to certain parts of the applicable presentence reports. The Probation Officer responded in writing to all objections made to his presentence report. In addition to this information, the Court had the benefit of its own knowledge acquired from presiding over the six weeks jury trial involving a large number of witnesses and documents.

Some of the information as to monetary losses provided the Court by the presentence report and the objections thereto of the parties involved, both in writing and in comments made before sentencing, contained hearsay.

Sentencing Guideline 6A1.3 provides:

"*Resolution of Disputed Factors* (Policy Statement)

(a) When any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present information to the court regarding that factor. In resolving any reasonable dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy.

(b) The court shall resolve disputed sentencing factors in accordance with Rule 32(a)(1), Fed.R.Crim.P. (effective Nov. 1, 1987), notify the parties of its tentative findings and provide a reasonable opportunity for the submission of oral or written objections before imposition of sentence."

The Commentary thereto elaborates further as follows:

"In determining the relevant facts, sentencing judges are not restricted to information that would be admissible at trial. 18 U.S.C. § 3661. Any information may be considered, so long as it has 'sufficient indicia of reliability to support its probable accuracy.' *United States v. Marshall*, 519 F.Supp. 751 (D.C. Wis. 1981), *aff'd*, 719 F.2d 887 (7th Cir.1983); *United States v. Fatico*, 579 F.2d 707 (2nd Cir.1978). Reliable hearsay evidence may be considered. Out-of-court declarations by an unidentified informant may be considered 'where there is good cause for the nondisclosure of his identity and there is sufficient corroboration by other means.' *United States v. Fatico*, 579 F.2d at 713. Unreliable allegations shall not be considered. *United States v. Weston*, 448 F.2d 626 (9th Cir. 1971)."

■ In sentencing, the district judge adopted the probable and intentional monetary loss figures in the presentence report as to both the Appellant's investors and bankers. The question is whether this presentence report information and anything else before the sentencing judge which he could appropriately consider in this respect was hearsay and, if so, had sufficient indicia of reliability to support its probable accuracy. The district court in using the information before it found the same to be reliable and rejected the objections of the Government and the Appellant, both in writing and verbal at sentencing. As an Officer of the Court, the Probation Officer may be considered as being a reliable source. *U.S. v. Murillo*, 902 F.2d 1169 (5th Cir.1990). The *Murillo* case held that the weight that should be given to the information contained in the presentence report should be left to the discretion of the district judge. Also, bankers, who furnished information as to possible or probable loss which the Appellant was attempting to inflict when by fraudulent applications the loans were obtained, may have attributes of being reliable sources in the area of their operations as to probable losses.

■ The sentencing judge presiding over the trial is entitled to use his knowledge of

information acquired in such trial. *U.S. v. Pellerito*, 918 F.2d 999, 1002 (1st Cir.1990); *U.S. v. Geer*, 923 F.2d 892, 897 (1st Cir. 1991); *U.S. v. Lopez*, 898 F.2d 1505, 1512 (11th Cir.1990). A sentencing judge's knowledge gleaned during the trial may be considered in determining if information presented at sentencing, though not admissible at trial, has a sufficient indicia of reliability to support its probable accuracy.

For example, as the presiding trial judge, he would have knowledge of the financial statements that the Appellant was circulating among various banks and the FDIC, which ranged from a minus $243,000 in net worth (as of April 7, 1987 to FDIC regarding liquidation) to a plus $10,356,969 (as of April 7, 1987 to Federal Savings Association of Wichita, Kansas, to obtain a loan). As to the fraud perpetrated upon Appellant's investors, the Court would have knowledge as trial judge about the nature of this fraudulent scheme and if the Appellant intended to inflict the full loss brought on by his fraud against his unwary investors.

The Court in sentencing on the Guideline counts was not confined to the actual loss figures supplied by Appellant.[1] There was information before the sentencing judge from sources available to him as to monetary losses supporting an upward departure by finding probable or intended losses which the Appellant was attempting to inflict on his victims, which losses were greater than alleged actual losses.

■ We now reach the point as to whether the district court has complied with Rule 32(c)(3)(D), Federal Rules of Criminal Procedure, in making the required written record of his findings as to the alleged factual inaccuracies of the presentence report claimed by the Appellant regarding the probable or intended monetary losses he was attempting to inflict on his victims. The district court stated at the sentencing hearing that the investigative reports were correct and were accurate and ordered them incorporated in the sentences.

The district court's statements at sentencing that the investigative reports were correct and accurate and ordering them incorporated in the sentences is an adequate compliance with the requirement of Rule 32(c)(3)(D), Federal Rules of Criminal Procedure. This rule requires a finding of the Court regarding the alleged factual inaccuracies in the presentence report (placed in dispute by the Appellant) that Appellant attempted to inflict probable or intended monetary losses on his victims which were greater than the alleged actual losses. The Court made this finding on reliable information and further incorporated the same in his sentences.

AFFIRMED.

---

1. The new Commentary to Guideline § 2F1.1 regarding fraudulent loan application cases promulgated by the Sentencing Commission on November 1, 1991, was not in effect or applicable when the Guideline sentences were imposed herein. *See, United States v. Smith*, 951 F.2d 1164 (10th Cir.,1991).