**UNITED STATES of America, Plaintiff,**

v.

**James W. HERSHBERGER, Defendant.**

**No. 89–40046–01.**

United States District Court,
D. Kansas.

Jan. 11, 1993.

Benjamin L. Burgess, Jr., U.S. Atty., Richard L. Hathaway, Asst. U.S. Atty., for plaintiff.

Michael S. Holland, Russell, KS, for defendant.

MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on the defendant James W. Hershberger's motion to modify sentence pursuant to Fed. R.Crim.P. 35 (Doc. 234). The court will also address Michael Holland's motion to withdraw as counsel for the defendant (Doc. 242). For the reasons set forth below, the court will deny both motions.

In February 1990, the defendant was convicted by a jury of 25 counts of a combination of mail fraud, bank fraud and transportation of stolen goods, securities, or money. The court sentenced the defendant as follows:

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 5 years, on each of Counts 1 through 14, 18, 19, 28, 29, 32 and 33. Said sentences

are to be served concurrently with each other and pursuant to provisions of 18 U.S.C. § 4205(a).

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 57 months, on each of Counts 20, 21, 30, 31 and 37. Said sentences are to be served concurrently with each other and consecutive to the sentences previously imposed in this case.

The court has been advised by the United States Probation Office that the defendant was paroled from his first sentence effective October 9, 1992, after serving 28 months. He is now serving the guideline sentence, from which he cannot be paroled.

The defendant asks that the sentences be modified to run concurrently, rather than consecutively. The parties do not contend that the court has jurisdiction to modify the sentence imposed under the sentencing guidelines.[1] Rather, the defendant requests modification of the pre-guideline sentence.

■ The court finds it is without jurisdiction to modify the defendant's sentence at this time. At sentencing, it was the court's express intent, as reflected in the Judgment, to run the guideline sentence of 57 months consecutive to the non-guideline sentence. Thus, after serving and being paroled from the five year non-guideline sentence, the defendant would begin serving the guideline sentence. The only sentence which the court could possibly modify has been served. The requirement that the sentences run consecutively was a mandate of the guideline sentence, which cannot be modified. Therefore, the court cannot change the terms of the guideline sentence to run concurrently with the non-guideline sentence, because the court has no jurisdiction to modify the guideline sentence. The court notes that it has found no case law addressing the issue of how to handle a Rule 35 motion where the defendant has been sentenced on both pre-guideline and post-guideline offenses and the pre-guideline sentence has run. On the facts of this case, given the court's intent, the court finds it is without jurisdiction to consider the defendant's request for modification.

■ Having determined the court is without jurisdiction to modify the defendant's sentence, but mindful of the lack of authority for this position, the court will, for the defendant's benefit, address why a modification would not have been granted in any event. First, the defendant, through counsel has argued the sentence is disparate to other sentences for the same offenses and the guidelines already incorporate the consequences of consecutive sentences. The court finds these arguments unpersuasive; as the Tenth Circuit upheld the court's sentence on appeal. *United States v. Hershberger,* 962 F.2d 1548. These arguments merely try to rehash the defendant's position that his sentence is unfair. The court simply disagrees with the defendant's position and does not find such arguments warrant modification of the defendant's sentence.

The defendant further contends that modification is warranted because this is his first offense, was not a violent crime and further incarceration would serve no purpose. The court finds, to the contrary, that continued incarceration would serve the purpose of punishment and as a deterrent to others contemplating such crimes. Though not a violent crime, the defendant caused much harm to the many victims of his criminal enterprise and to society in general. Further, the defendant's crime evidenced a planned scheme over a substantial period of time. The court finds that the length of the defendant's sentence is reasonable given the seriousness of the offenses and the great harm caused by the defendant's criminal conduct.

Finally, until quite recently, the defendant did not accept responsibility for his conduct and expressed no remorse. The court notes that the defendant has put the

---

1. Rule 35 of the Federal Rules of Criminal Procedure was amended on November 1, 1987. That amendment removed from the district court the discretion to modify a defendant's sentence for offenses committed after that date, with two exceptions. Neither exception is applicable here.

court to considerable expense and time in alleging a violation of his constitutional right to testify at trial, while maintaining his non-culpability. Now, after failing at that avenue of release, the defendant has done an about-face, admits his guilt and throws himself on the mercy of the court. Accordingly, the court cannot help but view the defendant's efforts with some skepticism as an attempt to manipulate the court. The court will emphasize that, even if the defendant is sincere in expressing remorse, his crimes are far too serious for the court to consider a modification of his sentence.

Finally, the court also has before it a motion by defendant's counsel Michael S. Holland to withdraw from further representation of the defendant. While counsel may have good cause for requesting withdrawal, he has not complied with the rules of this court. Consequently, withdrawal will be denied on the present showing.

IT IS BY THE COURT THEREFORE ORDERED that defendant's motion to modify sentence pursuant to Rule 35 (Doc. 234) is denied.

IT IS FURTHER ORDERED that Michael Holland's motion to withdraw as counsel for the defendant (Doc. 242) is denied.