986 F.2d 1430
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Larry D. CONNELL, Defendant-Appellant.
 No. 92-8003.
 United States Court of Appeals, Tenth Circuit.
 Feb. 2, 1993.
 
 Before LOGAN, JOHN P. MOORE and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 After being indicted on numerous charges defendant Larry Dean Connell entered a guilty plea to conspiracy to launder money and conspiracy to distribute controlled substances, in violation of 18 U.S.C. § 371 and 21 U.S.C. § 846.
 
 
 3
 The only issue in this direct criminal appeal is whether the information upon which the district court made findings of drug quantities, and consequently determined that defendant's base offense level was 30 instead of 28 as defendant contended, was sufficiently reliable. A district court's findings as to drug quantities for purposes of sentencing will not be disturbed on appeal unless they are clearly erroneous. United States v. Moline-Cuartas, 952 F.2d 345, 348 (10th Cir.1991), cert. denied, 112 S.Ct. 1698 (1992).
 
 
 4
 Defendant entered into a written plea agreement which the district court accepted in open court, after questioning the defendant pursuant to Fed.R.Crim.P. 11. Defendant admitted to trafficking marijuana, cocaine and methamphetamine. The plea agreement contained no stipulations as to drug weights or the appropriate base offense level. At the time of the guilty plea the following discussion occurred with respect to the amount of marijuana involved:
 
 
 5
 MR. BARKSDALE [prosecutor]: Your Honor, with regard to the amount of drugs involved, I submitted a prosecutor's statement with what we feel is fair that a fair total in excess of 600 pounds [sic] of marijuana during the course of the conspiracy. I believe there's in excess of 200 grams of methamphetamine and in excess of 28 grams of cocaine.
 
 
 6
 As the Court knows, this conspiracy, we don't have any drugs that we can lay our hands on, so we have attempted to identify the testimony and estimate through the course of this conspiracy those amounts, and I believe those are agreeable with the defendant and his attorney.
 
 
 7
 THE COURT: Mr. Connell, do you agree that as much [sic] 600 kilograms of marijuana was involved in this conspiracy?
 
 
 8
 THE DEFENDANT: No, sir.
 
 
 9
 MR. BARRETT [defense counsel]: Depends on which transaction we're talking about, Your Honor. Again, there are three separate transactions, the total numbers could be as much as 600.
 
 
 10
 THE COURT: Let's talk about Count I first, then, How much marijuana would you say it involved in that?
 
 
 11
 THE DEFENDANT: I'll have to, you know, go over and over it. I've been trying to go over it. If I agree to the 600, that's what I have to say, Your Honor.
 
 
 12
 THE COURT: You'd agree to the 600 kilograms of marijuana?
 
 
 13
 THE DEFENDANT: Yes, sir.
 
 
 14
 III R. 14-15.
 
 
 15
 The presentence report (PSR) thereafter prepared by the probation office stated the quantity of marijuana to be "in excess of 600 kilograms," PSR of Apr. 2, 1991, at 3, but erroneously calculated the base offense level at 26 (based upon calculations involving marijuana, methamphetamine and cocaine). Thereafter the probation office submitted an addendum to the PSR which contained corrected recalculations based upon the same quantity amounts, showing a base offense level of 30. A second addendum to the PSR was later filed which showed defendant's objections to the weight of the marijuana, contending it was only 905 pounds, which would result in a base offense level of 28.
 
 
 16
 At the sentencing hearing held on June 27, 1991, defense counsel renewed the objection to the total marijuana weight. Defendant's objections to the PSR and defense counsel's statements at the sentencing hearing set forth the method of the defendant's calculations to arrive at the 905 pounds. The prosecutor then explained to the court how the government arrived at the 600 kilogram figure, relying upon its Prosecutor's Statement (mentioned at the plea hearing) as to what it thought it could prove. The principal difference between the parties' calculations was that the government included 200 pounds of marijuana a "Mr. Newman," then in custody in Arizona, allegedly sold to defendant, and defendant's dealings with Terry Schmelzer, a codefendant. See IV R. 11-14.
 
 
 17
 The district judge expressed concern about defendant's objections to the total marijuana weight amount propounded by the government, and the court's need to make factual findings, when there had been no trial or evidentiary proceeding. The district court suggested that the government obtain depositions of Newman and Schmelzer. See IV R. 14. It adjourned the sentencing hearing for that purpose and for the possibility of a government motion for reduction because of cooperation that defendant promised in his plea agreement.
 
 
 18
 Apparently neither the government nor defendant took any deposition of, or statement from, either Newman or Schmelzer. When the court reconvened on November 26, 1991, for sentencing, defendant renewed his objections to the marijuana weight totals contained in the amended PSR and Prosecutor's Statement. The district court again questioned the defendant briefly, but no other testimony or argument was presented. The district court thereupon made the following statement in which it adopted the drug weight figures contained in the PSR as being correct:
 
 
 19
 THE COURT: All right. I am prepared to rule on this matter then. I have my notes from the prior hearing, and it is the opinion of the Court that the correct amount of grams was computed by the probation officer in the presentence report, and I am adopting his findings as being correct. So this places the sentencing level at a base offense of 30, which has in it a two-level increase for the role in the offense and a two-level decrease for acceptance of responsibility. So that the adjusted offense level ends up at 30.
 
 
 20
 V R. 4.
 
 
 21
 It is acceptable that the sentencing court estimate drug weights in calculating quantities for purposes of sentencing, as long as the information has minimum indicia of reliability. United States v. Easterling, 921 F.2d 1073, 1077 (10th Cir.1990), cert. denied, 111 S.Ct. 2066 (1991). The information made available to the sentencing judge may not be speculative. United States v. Coleman, 947 F.2d 1424, 1427-28 (10th Cir.1991). Nevertheless, the court may "consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3(a). This includes hearsay. See, e.g., United States v. Johnson, 977 F.2d 1360, 1383 (10th Cir.1992), cert. denied, 61 U.S.L.W. 3479 (U.S. Jan. 11, 1993) (No. 92-6780); United States v. Hershberger, 962 F.2d 1548, 1555 (10th Cir.1992).
 
 
 22
 In the instant case it certainly would have been desirable to have statements or deposition testimony from Newman and/or Schmelzer. But defendant's remarks in his guilty plea hearing testimony set out above can be read as admitting involvement with 600 kilograms of marijuana. Even if that admission is ignored, the declarations of the prosecutor, identifying Newman and Schmelzer as the source of the marijuana relied upon for the additional quantities to which defendant did not admit, is hearsay testimony of the sort upon which the court was entitled to rely. Of course, the court, at the reconvened sentencing hearing, is entitled to rely upon the record of the first sentencing hearing. See Hershberger, 962 F.2d at 1555-56.
 
 
 23
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3