19 F.3d 34
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Felipe Bonilla-CARREON, Defendant-Appellant.
 No. 93-2179.
 United States Court of Appeals, Tenth Circuit.
 March 8, 1994.
 
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal is from an order of the district court sentencing defendant as a career offender pursuant to U.S.S.G. 4B1.1(B) to a term of imprisonment of 188 months to be followed by six years of supervised release. Defendant appeals on the grounds that the district court failed to grant defendant an evidentiary hearing on the constitutionality of two prior convictions that were used as the basis for the career criminal enhancement to defendant's sentence. We affirm.
 
 
 3
 It is undisputed in this case that defendant failed to request an evidentiary hearing concerning the factual validity of the two paragraphs of the presentence report that relate to the prior convictions upon which the career offender sentencing enhancement was based. We therefore review for plain error. United States v. Hershberger, 962 F.2d 1548 (10th Cir.1992). The presentence report which was prepared in defendant's case concluded that appellant qualified for application of the career offender provisions of the Sentencing Guidelines. Paragraphs 27 and 29 of the presentence report referred to two prior felony convictions for a controlled substance offense. Defendant filed written objections to those paragraphs of the presentence report and renewed his objections by reference at the sentencing hearing.
 
 
 4
 Defendant never challenged the validity of either of the two prior felony convictions but rather requested that the Probation Office establish their existence with certified copies of the judgments. The Probation Office complied with this request and documented the prior convictions with the certified copies of the judgments. The Probation Office also provided the district judge with the underlying information which formed the basis for the conviction. It is clear that the district court relied on this underlying information as well as the judgments of conviction in sentencing defendant under the career offender provisions of the Guidelines. No evidentiary hearing was required. The district court clearly found by a preponderance of the evidence that the prior convictions formed the basis for application of the career offender sentencing enhancements. We find no error in the sentencing determinations of the district court under either an abuse of discretion standard or a plain error standard. AFFIRMED. The mandate shall issue forthwith.
 
 ENTERED FOR THE COURT
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470