59 F.3d 179
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Paul G. HOLT, Defendant-Appellant.
 No. 94-4101.
 D.C. No. 93-CR-183.
 United States Court of Appeals, Tenth Circuit.
 June 27, 1995.
 
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Following a jury trial, Paul G. Holt was convicted of multiple counts of mail and wire fraud, and was sentenced under the United States Sentencing Guidelines to seventy-one months imprisonment, three years of supervised release, restitution of $4,463,766 and a $600 special assessment. He appeals his sentence contending that the district court erroneously determined that the amount of loss inflicted by his criminal conduct fell into the range of $2,500,000 to $5,000,000 under United States Sentencing Commission, Guidelines Manual, 2F1.1(b)(1)(N), requiring an addition of thirteen levels to a base offense level of six. He submits that testimony at trial supports a loss not exceeding $1,817,692.60; therefore only twelve, not thirteen, levels should have been added pursuant to USSG 2F1.1(b)(1)(M) (adding twelve levels for losses between $1,500,000 and $2,500,000). Appellant's Br. at 9. He seeks resentencing based on a one-level reduction. Id. at 12.
 
 
 3
 At sentencing Mr. Holt raised an issue regarding the $4,463,766 loss figure used in the presentence report as having been suffered by his victims as a result of his criminal conduct. The district court then made the following findings:
 
 
 4
 As to the amount of loss, the Court, having presided over this trial, was in a unique position to listen to the victims and to weigh their testimony, the credibility of their testimony, and the Court finds that the loss established during the course of the trial was in excess of $2.5 million, which supports the calculation provided by the United States Probation Department in the report.
 
 
 5
 The report further outlines on page 9, Schedule A, continuing on page 10 and proceeding to page 11, those amounts that the United States, through the investigative arm of the FBI, the schedules and items that were provided by victims which, in the Court's view, support the loss figure of $4,463,766.
 
 
 6
 The Court has reviewed these matters and also the applicable guideline section which the Court has reviewed, and based upon that section, which is 1B1.3, the Court finds that the relevant conduct, the guidelines relative to relevant conduct are such that the Court need not find with exact precision the amount of the loss. There need be a minimum indicia of reliability based on the guideline application and the cases that have given consideration to the guideline section 1B1.3. Accordingly, the Court finds that the figures provided do provide a minimum indicia of reliability.
 
 
 7
 The Court also is of the view that deference should be given to the victims evaluation, but based upon the amount of their investment, the amount that they have placed in the investment in precious gems, metals, and the items that the Court is confronted with evaluation in this matter, and also USG Section 2F1.1, application note 8, which specifically states that the loss need not be determined with precision. That, coupled with U.S. Sentencing Guideline 1B1.3, is the basis of the Court's finding in this regard.
 
 
 8
 The Court notes that there has been credit given for those two counts that Mr. Holt was acquitted of, that's Count 13, wherein the loss at trial was based on the figure of $21,850, and the loss associated with acquitted Count 18 being 33,900. The figure--the loss figure, accordingly, was adjusted and the final figure of $4,463,766, in the Court's view, is based on information that is reliable.
 
 
 9
 R. Supp. Vol. I at 15-16.
 
 
 10
 Although Mr. Holt makes several arguments in his brief on appeal, we need go no further than the testimony actually presented at trial--which Mr. Holt tacitly concedes is an appropriate basis for loss calculation purposes. The government correctly points out that Mr. Holt's calculation leaves out the testimony of witnesses David Handy, Brian Hansen, Jack Abraham and Jack Brod. Taking into account the amounts to which these witnesses testified, the loss amount is more than $2,500,000. Mr. Holt does not contest this assertion by way of a reply brief. The district court found losses in excess of $2,500,000 based on the trial testimony alone. That finding is not clearly erroneous, and it requires the offense level increase of thirteen under USSG 2F1.1(b)(1)(N) used by the district court.
 
 
 11
 We have examined the record and all of Mr. Holt's arguments and conclude that the district court did not err. See USSG 2F1.1, comment. (n.8); id. 1B1.3(a)(1), (3); United States v. McAlpine, 32 F.3d 484, 488 (10th Cir.), cert. denied, 115 S.Ct. 610 (1994); United States v. Reddeck, 22 F.3d 1504 (10th Cir.1994); United States v. Fox, 999 F.2d 483 (10th Cir.1993); United States v. Hershberger, 962 F.2d 1548 (10th Cir.1992).
 
 
 12
 The sentence imposed by the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470