**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 30 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ARTURO CEBALLOS-RIOS, a/k/a
Mario Daniel Trevino, a/k/a Manuel
Rivas, a/k/a Arturo Rios,

    Defendant-Appellant.

No. 98-1367
(D. Colo.)
(D.Ct. No. 98-CR-147-N)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY**, **EBEL**, and **LUCERO**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9(G). The case is therefore ordered submitted without oral argument.

_____

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Arturo Ceballos-Rios appeals his seventy-month sentence imposed after pleading guilty to unlawful reentry into the United States following deportation for a felony conviction, in violation of 8 U.S.C. § 1326(b). Mr. Ceballos-Rios challenges the district court's assessment of: (1) one criminal history point for a 1992 conviction he claims is not his conviction, and (2) two criminal history points for illegal reentry while under a criminal justice sentence he claims he knew nothing about. We affirm Mr. Ceballos-Rios' sentence.

We review the district court's application of the sentencing guidelines *de novo* and its factual findings for clear error. *United States v. McCloud*, 127 F.3d 1284, 1290 (10th Cir. 1997). Applying this standard of review, we address Mr. Ceballos-Rios' argument that the district court inappropriately assessed him one criminal history point based on a 1992 conviction he claims is not his. Specifically, he argues no evidence, such as photographs or fingerprints, proves he was the defendant convicted in that case. In support of this argument, he contends the district court cannot rely on the presentence report and attached documents as evidence in attributing this conviction to him.

A review of the record establishes the district court did not err in finding the 1992 conviction attributable to Mr. Ceballos-Rios. The 1992 Colorado state

and county conviction documents attached to the presentence report name "Arturo Ceballos-Rios" as the defendant, and describe him as a Hispanic male, born September 26, 1967 in Juarez, Mexico, and living at an address in Boulder, Colorado. Listed as a witness to the crime is "Megan Rios," born January 18, 1972, and living at the same address in Boulder, Colorado. These facts support a reasonable and substantial inference that Mr. Ceballos-Rios is the same person named in the conviction because he too is a Hispanic male, born September 26, 1967 in Juarez, Mexico, and known to live in Boulder, Colorado during the period of this conviction. His wife, since 1991, is Megan (a/k/a Meghan) Rios, who is approximately the same age as the "Megan Rios" described as a witness in the conviction documents. Based on this information, the district court reasonably attributed the conviction to Mr. Ceballos-Rios.

Having determined these documents implicate Mr. Ceballos-Rios in the conviction, the district court did not err in relying on them. The government had the burden of establishing the existence of a conviction by a preponderance of the evidence, which it met through the conviction documents attached to the presentencing report. *See, e.g., United States v. Kirk*, 894 F.2d 1162, 1164 (10th Cir. 1990). These documents establish by a preponderance of the evidence that Mr. Ceballos-Rios is the individual convicted. Consequently, the government was

not required to offer any further proof and Mr. Ceballos-Rios failed to offer any evidence to counter the inferences in these documents. Moreover, we recognize that probation officers who prepare these reports are reliable sources, *see United States v. Hershberger*, 962 F.2d 1548, 1555 (10th Cir. 1992), and courts may take judicial notice of public documents, such as the attached conviction records. *See* Federal Rules of Evidence 201. For these reasons, the district court did not err in relying on the presentencing report and the attached documents in finding Mr. Ceballos-Rios is the same person as the defendant named in the 1992 conviction, and then attributing that conviction to him for the purpose of assessing a criminal history point.[1]

We next determine whether the district court properly assessed Mr. Ceballos-Rios two criminal history points for illegal reentry while under a criminal justice sentence. The United States Sentencing Guidelines instruct the sentencing court, when calculating a defendant's criminal history, to "[a]dd 2 points if the defendant committed the instant offense while under any criminal

---

[1] Moreover, even if the district court erred in attributing this conviction to Mr. Ceballos-Rios, it would not affect his sentence. Notably, the reduction of one criminal history point would reduce his criminal history score to 11, thereby leaving his criminal history category the same (Category V), with the same sentencing range of seventy to eighty-seven months. *See* U.S.S.G. Ch. 5, Pt. A, Sentencing Table.

justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(d). In this case, state authorities sentenced Mr. Ceballos-Rios to two years of community corrections on a conviction for attempted burglary. However, Mr. Ceballos-Rios did not serve this sentence because he absconded and, when caught, authorities deported him. He later illegally reentered the United States while still subject to this criminal sentence for burglary. Based on this evidence, the district court assessed two criminal points in sentencing Mr. Ceballos-Rios.

On appeal, Mr. Ceballos-Rios contends that under § 4A1.1(d), he must have knowledge of the pending criminal justice sentence in order to be assessed any criminal history points. He claims immigration authorities, during his deportation, failed to advise him that he remained subject to this sentence and therefore, he did not know of it at the time of his arrest.

Neither U.S.S.G. § 4A1.1 nor the other sentencing guidelines require a defendant to know of the criminal justice sentence imposed against him before criminal history points are assessed. Rather, § 4A1.1 only requires pendency of a criminal justice sentence at the time of the instant offense. U.S.S.G. § 4A1.1(d). Moreover, even if we apply a "knowledge" requirement to § 4A1.1(d), Mr.

Ceballos-Rios does not deny that at the time of his conviction for burglary, he knew of his two-year community corrections sentence. In fact, it appears he purposefully absconded to avoid serving that sentence. His resulting deportation does not erase any former knowledge he possessed of his pending criminal sentence. Mr. Ceballos-Rios also does not cite to any authority requiring deportation officials to inform him of all penalties which might attach on illegal reentry into the United States. *See, e.g. United States v. Meraz-Valeta*, 26 F.3d 992, 996 (10th Cir. 1994) (concluding due process did not require authorities to inform defendant of all possible penalties for reentry into the United States).

For these reasons, we **AFFIRM** Mr. Ceballos-Rios' sentence.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge