**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 8, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

EXSAVIOR ANTWAN PHILLIPS,

    Defendant-Appellant.

No. 04-6371
(Western District of Oklahoma)
(D.C. No. CR-04-78-1-R)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **LUCERO** and **MURPHY**, Circuit Judges.

---

After examining the briefs and the appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). This case is, therefore, ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

## I.    INTRODUCTION

ExSavior Antwan Phillips pleaded guilty to one count of coercion of a person under age eighteen to engage in a sexual act.  At sentencing, the United States District Court for the Western District of Oklahoma applied the United States Sentencing Guidelines ("Guidelines" or "USSG") in a mandatory fashion.  The court determined Phillips was subject to four enhancements and an upward departure, and sentenced him to 125 months' imprisonment.  On appeal, Phillips argues the court erred when it applied the Guidelines in a mandatory fashion and when it enhanced his sentence based on judge-found facts.  Phillips also alleges the district court erred by relying upon hearsay testimony to support his sentence enhancements.  We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and **affirm** the judgment of the district court.

## II.    BACKGROUND

On May 5, 2004, a grand jury indicted Phillips on four counts arising from his alleged involvement in activities related to prostitution in the Oklahoma City area.  On June 1, 2004, a seven-count superseding indictment charged Phillips with additional related offenses.  Phillips pleaded guilty to count three of the indictment.  Count three charged that, on or about March 31, 2003, Phillips used a hotel in Oklahoma City to knowingly induce and attempt to induce an individual

under the age of eighteen to engage in prostitution, in violation of 18 U.S.C. §§ 2422(b) and 2.

A probation officer prepared a Presentence Investigation Report ("PSR"), which recommended that Phillips receive certain sentence enhancements based on the specific characteristics of his offense. In addition to the sentencing enhancements, the PSR noted Phillips' case could warrant upward departure under the Guidelines because Phillips had three cases pending in Oklahoma County at the time he committed his offense. Phillips objected to three of the recommended sentence enhancements contained in the PSR and to the PSR's suggested upward departure.

At the sentencing hearing, special agent Michael Beaver of the FBI testified as to Phillips' involvement with prostitution activities. Beaver based his testimony on information he gathered through interviews with prostitutes who had worked for Phillips, tape-recordings of telephone conversations between Phillips and his prostitutes, and cell phone records.

Beaver explained his investigation revealed Phillips was a pimp who recruited, employed, and managed juvenile prostitutes. He told the court Phillips used certain prostitutes as managers in his enterprise. Phillips' managing prostitutes were responsible for collecting money, enforcing rules, and recruiting and training "line-level" prostitutes.

Beaver described an incident in which Phillips recruited a homeless juvenile girl, T.D., to work for him as a prostitute. He explained that Phillips and a managing prostitute took the girl to dinner, discussed how much money she could make, and showed her rolls of cash. After successfully recruiting T.D., Beaver alleged Phillips took away her cell phone, provided her with a fanny pack filled with condoms, diaper wipes, and hand sanitizer, and transported her to a truck stop where she could begin to work as a prostitute. Beaver testified that Phillips had also used a managing prostitute to recruit a juvenile girl from a hotel in Oklahoma City.

Beaver further alleged Phillips used violence to control prostitutes. He noted Phillips and another pimp had once arranged for the physical assault of a prostitute in the back seat of a car. Beaver described a recorded and transcribed phone conversation between Phillips and a juvenile prostitute in which Phillips told the prostitute he was going to torture, choke, and hit another of his prostitutes. Beaver also informed the court that three other criminal cases—two involving firearms and one involving an assault—were pending against Phillips on the date he committed his offense.

After Beaver's testimony, the district court concluded Phillips (1) used violence or coercion in the course of his prostitution enterprise; (2) unduly influenced a minor to engage in a commercial sex act; and (3) was the leader or

organizer in a criminal activity. Overruling Phillips' objections, the court imposed sentence enhancements based on each of these conclusions. Noting that Phillips committed his offense when other criminal charges were pending against him, the court also upwardly departed, moving Phillips from criminal history category III to category IV. The court sentenced Phillips to a term of 125 months' imprisonment, the high end of the Guidelines range. The district court stated it would sentence Phillips in an identical fashion in the event the Guidelines were declared unconstitutional, noting its belief that the sentence imposed was "fair and appropriate." ROA at 107.

## III. DISCUSSION

### A. Constitutional *Booker* Error

Phillips contends the district court committed constitutional *Booker* error when it applied the Guidelines in a mandatory fashion and enhanced his sentence on the basis of judge-found facts. *United States v. Booker*, 125 S. Ct. 738, 750–56 (2005). At the sentencing hearing, the district court found facts regarding Phillips' use of violence, his exertion of undue influence on a minor, his role as a leader in a criminal enterprise, and his criminal history. The court used these facts to increase Phillips' sentence beyond the maximum sentence that would have been imposed on the basis of the facts admitted by Phillips in his guilty plea. Accordingly, we conclude the district court committed constitutional *Booker*

error.  *See United States v. Gonzales-Huerta*, 403 F.3d 727, 731 (10th Cir. 2005) (en banc) (defining constitutional *Booker* error).

Because Phillips asserted an objection in the district court based on the Supreme Court's holding in *Blakely v. Washington*, 542 U.S. 296 (2004), he preserved his *Booker* argument for appeal.  *United States v. Clifton*, 406 F.3d 1173, 1175 n.1 (10th Cir. 2005).  When confronted with a preserved constitutional *Booker* error, this court applies a harmless error standard.[1]  *United States v. Waldroop*, 431 F.3d 736, 743 (10th Cir. 2005).  "[T]he government bears the burden of proving beyond a reasonable doubt that the error was harmless."  *Id*.

In conducting a harmless error analysis, this court considers whether "the district court would have imposed a less severe sentence in the exercise of [its] post-*Booker* discretion."  *United States v. Riccardi*, 405 F.3d 852, 876 (10th Cir. 2005).  In the course of this evaluation, we have noted that when a district court judge sentenced a defendant to the top of the applicable Guidelines range in a pre-*Booker* context, "there is no reason to think the judge would exercise his now-greater discretion to reduce the sentence."  *Id*.; *see also Waldroop*, 431 F.3d at 743 (noting district court imposed highest possible sentence upon defendant and

---

[1]Phillips argues the district court's constitutional *Booker* error constitutes structural error.  This argument is foreclosed by circuit precedent.  *See United States v. Dowlin*, 403 F.3d 647, 668–69 (10th Cir. 2005) (holding constitutional *Booker* error is not structural error).

concluding court would not reduce sentence on remand).  We have also expressed

confidence that a district court would impose the same sentence on remand when

the court consulted the Guidelines, adopted the recommendations contained in the

PSR, and imposed an identical alternative sentence.  *United States v. Corchado*,

427 F.3d 815, 821 (10th Cir. 2005).  Moreover, when determining whether a

district court would impose a less severe sentence on remand, this court has also

taken into account critical comments made by the court and directed at the

defendant.  *See Waldroop*, 431 F.3d at 743 (observing that the district court

voiced its disapproval of defendant's greed at sentencing).

In the instant case, all of the foregoing factors are present.  The district

court sentenced Phillips to the top of the applicable Guidelines range.  It imposed

an identical alternative sentence, and described that sentence as "fair and

appropriate."[2]  ROA at 107.  Moreover, the court's comments to Phillips, made

---

[2]The district court in this case did not reference explicitly the advisory Guidelines and the statutory sentencing factors listed in 18 U.S.C. §3553(a), as suggested in *United States v. Booker*.  125 S. Ct. 738, 756–57 (2005).  It is nonetheless apparent that the court relied upon the Guidelines and the findings contained in the PSR to arrive at its sentencing decision.   In this context, we are confident the district court's alternative sentence reliably indicates that the court would not impose a less severe sentence on remand.  *See United States v. Corchado*, 427 F.3d 815, 821 (10th Cir. 2005) (finding non-constitutional *Booker* error harmless when district court did not specifically use sentencing methodology suggested by *Booker*, but when reviewing court knew "the court consulted the Guidelines and adopted the findings in the PSR, which analyzed several of the factors set forth in 18 U.S.C. § 3553(a).").

just before imposing sentence, indicate it was not inclined toward leniency. The court stated that Phillips' criminal history led it to conclude Phillips was "a young man that's completely out of control and, frankly, a danger to society." ROA at 104. Addressing Phillips, the court said, "I'm sorry. You had an opportunity and you blew it and I think society needs to be protected from you." *Id.* All evidence in the record indicates the district court would not reduce Phillips' sentence on remand. Accordingly, we hold the district court's constitutional *Booker* error was harmless beyond a reasonable doubt.

## B.   Confrontation Clause

Phillips alleges the district court violated his Sixth Amendment right to confront the witnesses against him when the court relied on hearsay testimony to support its sentencing decision. This court reviews *de novo* a district court's legal conclusions concerning the Confrontation Clause. *United States v. Montague*, 421 F.3d 1099, 1102 (10th Cir. 2005).

Phillips contends Agent Beaver offered hearsay testimony at his sentencing hearing and alleges the district court relied on this testimony to support its decision to enhance his sentence. He concedes courts of appeal have long accepted hearsay testimony in sentencing hearings. Phillips argues, however, that the Supreme Court's recent Confrontation Clause case, *Crawford v. Washington*,

541 U.S. 36 (2004), changed the standard of admissibility for hearsay in sentencing proceedings.

In *Crawford*, the Supreme Court departed from existing precedent and held that the Sixth Amendment precludes testimonial hearsay evidence unless the declarant is unavailable and the defendant had a previous opportunity to cross-examine the declarant. 541 U.S. at 68. *Crawford* represents a "fundamental shift" in Confrontation Clause jurisprudence. *United States v. Solomon*, 399 F.3d 1231, 1237 n.2 (10th Cir. 2005). It in no way suggests, however, that we must alter the standard of admissibility for hearsay evidence in sentencing proceedings. Thus, our established rule on that subject remains unchanged in the wake of *Crawford*. This court has determined the Confrontation Clause does not apply at noncapital sentencing proceedings under the Guidelines. *United States v. Hershberger*, 962 F.2d 1548, 1554 (10th Cir. 1992); *see also United States v. Beaulieu*, 893 F.2d 1177, 1180 (10th Cir. 1990) (noting sentencing judge may consider reliable hearsay evidence). The district court, therefore, did not err when it used reliable hearsay testimony from Agent Beaver to assist it in determining an appropriate sentence for Phillips.

IV. **CONCLUSION**

For the foregoing reasons, we **affirm** the judgment of the United States District Court for the Western District of Oklahoma.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge