21 F.3d 370
 1 Wage & Hour Cas. 2d (BNA) 1601
 Albert L. BRINKMAN, Pamela N. Brinkman, Luther Blanton, Jr.,
Earl A. Colver, III, David R. Edmonds, Larry L. Girard,
Arthur T. Green, Lawrence Henderson, Thomas E. Hunt, Jr.,
Robert P. Kult, Steven A. Martin, Jon O. McClendon, Ruth I.
Miller, Stefanie Penrod, Vincent Reed, Patrick Simpson,
Margaret A. Swope, Billie Joe Buchanan, William A. Gambrel,
Barbara J. Kesinger, Herbert Dean Wolf, Plaintiffs-Appellees,
v.
DEPARTMENT OF CORRECTIONS OF the STATE OF KANSAS, Defendant-Appellant.
 No. 93-3019.
 United States Court of Appeals,
Tenth Circuit.
 April 11, 1994.
 
 Charles E. Simmons, Chief Legal Counsel, Dept. of Corrections, Topeka, KS, for defendant-appellant.
 Brad E. Avery, Topeka, KS, for plaintiffs-appellees.
 Before LOGAN and MOORE, Circuit Judges, and KANE, Senior District Judge.*
 LOGAN, Circuit Judge.
 
 
 1
 Defendant Kansas Department of Corrections appeals from a judgment under the Fair Labor Standards Act (FLSA) requiring it to pay actual and liquidated damages for unpaid overtime compensation. See 29 U.S.C. Secs. 207(a), 216(b). Defendant argues that as an agency of the state it is immune from suit pursuant to the Tenth and Eleventh Amendments. It also argues that the district court erred in denying defendant's motion in limine which sought to preclude plaintiffs from introducing evidence of missed, interrupted or restricted meal breaks, and that the court erred in holding it was compelled to award liquidated damages when the jury found defendant's violation to be willful.
 
 
 2
 Plaintiffs, correctional officers at the Lansing Correctional Facility, were required to report to roll call fifteen minutes before their eight-hour shifts and also to remain fifteen minutes after their shifts to provide relief briefings to the officers who began work on the next shifts. To offset this extra thirty minutes their daily work schedules provided for a thirty-minute meal break. Plaintiffs were not compensated for this scheduled break, although their activities were curtailed. For instance, they could not leave the prison grounds, go to their automobiles, or read, and were required to respond to alarms. Plaintiffs also alleged they did not always receive their breaks. They sought overtime compensation for the break periods at one-and-a-half times their regular hourly rate. See 29 C.F.R. Sec. 785.19. After a jury verdict in favor of plaintiffs, the district court awarded each plaintiff liquidated damages in an amount equal to their actual damages based on the jury's finding that defendant's FLSA violations were willful.
 
 
 3
 In making its Tenth Amendment argument defendant seeks to resurrect National League of Cities v. Usery, 426 U.S. 833, 96 S.Ct. 2465, 49 L.Ed.2d 245 (1976), which was expressly overruled by Garcia v. San Antonio Metro Transit Auth., 469 U.S. 528, 105 S.Ct. 1005, 83 L.Ed.2d 1016 (1985). Garcia held that state employees, including employees of state political subdivisions, could properly be brought within the coverage of the FLSA. We have expressly recognized the authority of Garcia 's holding that the Tenth Amendment is not violated by extending the FLSA to the states. Renfro v. City of Emporia, 948 F.2d 1529, 1541 (10th Cir.1991), cert. dismissed, --- U.S. ----, 112 S.Ct. 1310, 117 L.Ed.2d 510 (1992). The issue is settled; defendant's Tenth Amendment immunity argument fails.
 
 
 4
 Defendant asserts that this suit is also barred by the Eleventh Amendment, which prohibits suits against states in federal court unless Congress specifically waives that protection. Pennsylvania v. Union Gas Co., 491 U.S. 1, 14-15, 109 S.Ct. 2273, 2281, 105 L.Ed.2d 1 (1989). Congress can override state sovereign immunity, but must "mak[e] its intention unmistakably clear in the language of the statute." Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 242, 105 S.Ct. 3142, 3147, 87 L.Ed.2d 171 (1985).
 
 
 5
 We agree with the Second and Ninth Circuits that Congress made clear in the FLSA its intention to override the Eleventh Amendment. Reich v. New York, 3 F.3d 581, 590 (2d Cir.1993), cert. denied, --- U.S. ----, 114 S.Ct. 1187, 127 L.Ed.2d 537 (1994); Hale v. Arizona, 993 F.2d 1387, 1391 (9th Cir.1993) (in banc). The FLSA defines an employee to include "[i]n the case of an individual employed by a public agency, ... any individual employed by a State, political subdivision of a State, or an interstate governmental agency...." 29 U.S.C. Sec. 203(e)(2)(C). Further, in the aftermath of the Supreme Court's Garcia decision, Congress specifically accommodated state employers by delaying the date by which states were required to comply with the FLSA to April 15, 1986. Pub.L. No. 99-150, 99 Stat. 788 Sec. 2(c)(1) (1985). Congress thus has unequivocally manifested its purpose to permit employees to sue their employers pursuant to the FLSA, even when those employers are states and state agencies. See also 29 U.S.C. Sec. 207(k) and (o). Plaintiffs' suit is not barred by the Eleventh Amendment.
 
 
 6
 Defendant's motion in limine that sought to prevent the plaintiffs from introducing evidence of lost breaks was predicated upon answers by plaintiffs to requests for admission, the alleged absence of specific incidents of lost breaks identified by plaintiffs in deposition testimony, and the stipulation of issues contained in the pretrial order. We review evidentiary rulings for abuse of discretion. Fox v. Mazda Corp. of Amer., 868 F.2d 1190, 1194 (10th Cir.1989).[1]
 
 
 7
 The district court concluded that plaintiffs' response to defendant's request for admissions, when read in the context of the entire pretrial order, was simply a stipulation as to basic break policy, not a stipulation that defendant consistently adhered to that policy. The court noted that the pretrial order also contained a stipulation that some plaintiffs did "not always receive their breaks." Appellant's App. 85; see id. at 32. We agree with the district court's evaluation of the pretrial order; the thrust of plaintiffs' position--that although defendant intended to routinely provide breaks those opportunities did not consistently materialize--is reflected throughout the pretrial order. The district court did not abuse its discretion in denying the motion in limine.
 
 
 8
 Finally, defendant objects to the liquidated damages award by the district court following the jury's determination that defendant intentionally violated the FLSA. When an employer is liable for compensatory damages, 29 U.S.C. Sec. 216 permits an additional award of liquidated damages in the amount of the compensatory damages. The FLSA provides, however, that "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing his act or omission was not a violation of the [FLSA], the court may, in its sound discretion," award less or no liquidated damages. Id. at Sec. 260.
 
 
 9
 In this case, the jury determined that defendant willfully violated the FLSA, rejecting any evidence defendant offered to the contrary. This issue apparently was submitted to the jury because plaintiffs could recover for only two years of violations unless defendant had acted willfully, in which case a three-year limitations period applied. Id. Sec. 255(a); see Pretrial Order at 5, Appellant's App. 34. We have held that when fact issues central to a claim are decided by a jury upon evidence that would justify its conclusion, the Seventh Amendment right to a jury trial prohibits the district court from reaching a contrary conclusion. Skinner v. Total Petroleum, Inc., 859 F.2d 1439, 1443 (10th Cir.1988). The same willfulness standard for the statute of limitations issue applies to the liquidated damages issue, see EEOC v. City of Detroit Health Dep't, 920 F.2d 355, 359-60 (6th Cir.1990) (Guy, J., concurring). That Sixth Circuit case decided the precise issue before us contrary to defendant's position. We agree with its conclusion.
 
 
 10
 Defendant has not provided us with a transcript of the trial, and has not argued that there is insufficient evidence for the jury to find a willful violation. The district court properly awarded liquidated damages based upon the jury's finding of willfulness.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The Honorable John L. Kane, Jr., Senior United States District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [1]
 Plaintiffs argue that defendant failed to preserve the issue for appeal by not making a contemporaneous objection at trial. In denying the motion in limine, the district court stated only that plaintiffs were not foreclosed from "admission of this evidence [of defendant's noncompliance with its policy to provide breaks] at this point in time because of the argued contradiction" in the pretrial stipulation. Appellant's App. 85. The appellate record contains no transcript of the trial, and defendant's brief does not identify whether or where an objection was made at trial. Nevertheless, we need not have that information to determine this issue, as we can find no abuse of discretion