76 F.3d 394
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jerry V. RICE, Defendant-Appellant.
 No. 95-2174
(D.C.No. CR-93-541-JC)
 United States Court of Appeals, Tenth Circuit.
 Feb. 5, 1996.
 
 Before EBEL, Circuit Judge, McWILLIAMS, Senior Circuit Judge, and LUCERO, Circuit Judge.
 
 ORDER AND JUDGMENT[1]
 
 1
 Appellant Jerry V. Rice ("Rice") was convicted of defrauding the federal government by making false claims on tax returns. At his first sentencing, the court enhanced his sentence based on a $41,189 loss to the United States calculated in the Presentence Report. The Tenth Circuit remanded the sentence, stating that the government had introduced no evidence "concerning any tax loss suffered by the government as a result of the defendant's evasion or receipt of the fraudulent refunds." United States v. Rice, 52 F.3d 843, 848 (10th Cir.1995). On remand, the government presented testimony based on the same documentary evidence it had presented at trial to prove a loss of $41,189, as well as new evidence of an additional loss of $12,508 to the government not relied on at the first sentencing. The district court applied the same enhancement based on this evidence. Rice now appeals, arguing that the district court on remand violated the law of the case by ignoring our previous statement that the evidence the government presented at trial was insufficient to prove the claimed amount of loss. However, because our previous comments were only dicta, we hold that the law of the case doctrine does not apply and affirm Rice's sentence.
 
 I.
 
 2
 A jury found Rice guilty of two counts of filing a false claim for a tax refund in violation of 18 U.S.C. 287 and three counts of making and subscribing a false tax return in violation of 26 U.S.C. 7206(1) in March, 1994.[2] The government presented evidence that during the tax years 1987, 1988, and 1989, Rice claimed on his Form 1040 individual tax return that more money had been withheld by his employer than he owed in taxes. During those three years, Rice was employed by two corporations which he controlled, and Rice was responsible for filling out his own W-2 forms. Records, however, indicated that Rice's corporations had submitted neither the required employee withholding forms nor the money claimed to have been withheld during the years in question. At trial, the government submitted Rice's Form 1040 for 1987, 1988 and 1989 into evidence, as well as three cashed checks indicating tax refunds received by Rice.
 
 
 3
 At Rice's initial sentencing, the Presentence Report recommended an increase of 5 levels pursuant to U.S.S.G. 2F1.1(b)(1)(F) based on a finding that Rice defrauded the government of $41,189.[3] The report arrived at that figure by adding the total amount of refunds Rice received for 1987, 1988 and 1989 ($29,922) to the total amount of tax liability Rice claimed for those three years but did not pay ($11,267) because of his representation that such liability should be offset by his withholding payments. Other enhancements recommended in the Presentence Report increased Rice's offense level to 17, resulting in a sentencing guideline range of 24 to 30 months.
 
 
 4
 Rice objected to the calculation of loss used for the 5 level enhancement. At a hearing before Judge Burciaga, the government argued that because Rice had requested the evidentiary hearing on the tax loss issue, he had the burden to go forward with the issue. The court agreed, and told Rice "[y]ou're the one that took issue with the pre-sentence report, so I assume that you have proof to establish that what you contend is an inaccuracy in the presentence report, so you will go forward." Rice presented the testimony of a case agent who stated that there had been no assessment of taxes in Rice's case. The checks demonstrating individual amounts for each refund and the 1040 forms showing the two amounts of tax liability were, however, in the trial record. The court adopted the Presentence Report's finding that the loss to the government was $41,189, and sentenced Rice to 30 months imprisonment on each count, to be served concurrently. In addition, this sentence was to be followed by three years of supervised release. Finally, the court ordered Rice to make restitution of $22,922 and pay a fine of $20,000.
 
 
 5
 Rice appealed his convictions and sentence to this Court. On appeal, Rice argued that the district court improperly placed on him the burden to contest the amount of tax loss stated in the Presentence Report. United States v. Rice, 52 F.3d 843, 847 (10th Cir.1995). This Court affirmed the conviction, but remanded the sentence on the grounds that the district court had improperly placed the burden on Rice to contest the government's loss amount. Id. at 848, 851. In doing so, the Court made the following comments:
 
 
 6
 [Rice] argues the district court incorrectly imposed the burden of proof on him on a sentencing enhancement issue. The Presentence Report recommended increasing the base offense level of six by five levels based on a finding that Mr. Rice defrauded the government of $41,189.00. The Presentence Report states:
 
 
 7
 The defendant evaded or attempted to evade a minimum of $11,267.00 in federal income tax and further falsified income tax credits, resulting in a fraudulent refund being submitted to the defendant in the amount of $29,922.00. Accordingly, a total loss of $41,189.00 is considered as the loss.
 
 
 8
 At trial, the government proved Mr. Rice received three refunds totaling $29,922.00. There was no evidence introduced, however, concerning any tax loss suffered by the government as a result of the defendant's evasion or receipt of the fraudulent refunds. As a result, unlike in United States v. Hershberger, 962 F.2d 1548, 1555-56 (10th Cir.1992), the sentencing court could not rely upon testimony it heard at trial to determine this issue.
 
 Id. The Court also commented:
 
 9
 [N]o evidence was introduced concerning the amount of taxes Mr. Rice may have avoided. The first calculation of this figure was made in the Presentence Report, which was later adopted by the court. The court simply found, "[t]he total loss to the Government, including the minimum taxable income evaded by the defendant was $41,189.00." This contested conclusion was not founded upon proof by a preponderance of evidence. While the government does not have to prove the amount of loss exactly under 2F1.1(b)(1), it does have the burden of supporting a sentencing increase.
 
 
 10
 Id. The Court accordingly remanded for resentencing.
 
 
 11
 On remand, the government filed a memorandum stating that it intended to present evidence to prove the tax loss of $41,189. Rice argued that the government was precluded from presenting any new evidence on the tax loss issue because the Tenth Circuit already determined the government failed to meet its burden to show the amount of that loss. Rice also argued that any attempt by the government to present evidence of additional tax loss would constitute prosecutorial vindictiveness.
 
 
 12
 At the resentencing hearing, Judge Conway[4] ruled that the government could offer any evidence it sought to present. The government presented the testimony of Special Agent Ramirez, who introduced into evidence Rice's 1987, 1988 and 1989 Form 1040 individual tax returns and three cashed refund checks. Ramirez testified that Rice had not actually had any income taxes withheld and paid to the government for the years in question, as Rice claimed on his returns. He testified that the total tax liability which Rice fraudulently claimed had been paid for 1987 through 1989 was $11,267, and the total payment by the United States to Rice of fraudulent refunds was $29,922. He also testified that based on this information, the loss to the United States was $41,189.[5] Ramirez also acknowledged that all of the documentary evidence upon which he relied had been presented at trial.
 
 
 13
 In addition, Ramirez testified that Rice had not paid any of the social security taxes which, in those same tax returns, Rice claimed had been withheld. Ramirez asserted that this created an additional $12,508.86 in tax loss. The prosecutor, however, indicated that this additional tax loss was being presented for background information only, and he asked that the total tax loss for which Ross was liable remain at $41,189, with the total offense level remaining at 17.[6]
 
 
 14
 The district court found that the government established the "fraudulent refunds and taxes due as reported by" Rice amounted to a total loss of at least $41,189. The court further found that additional documentary evidence showed the government lost a total of $66,206.22.[7] This figure did not increase the loss level amount for sentencing purposes because the total loss remained less than the Guideline's $70,000 threshold for a five-level enhancement. Accordingly, the court increased Rice's offense level by five levels under U.S.S.G. 2F1.1(b)(1)(F) and sentenced him to 24 months imprisonment--six months less than the prior sentence.
 
 II.
 
 15
 This Court reviews the district court's legal interpretation of the sentencing guidelines de novo. United States v. Lowder, 5 F.3d 467, 470 (10th Cir.1993). Findings of fact are reviewed for clear error. Id.
 
 
 16
 Rice argues that the Tenth Circuit's decision remanding his sentence "definitively ruled that the evidence at trial did not satisfy the government's burden to prove the amount of tax loss caused by Rice's offenses." See Rice, 52 F.3d at 848. Therefore, Rice asserts that the district court violated the law of the case on remand when the district court (1) found the government had proven the amount of tax loss based on evidence the government had presented at trial, and (2) determined the amount of tax loss based on evidence not presented before the sentencing Judge prior to the initial appeal. The law of the case doctrine provides "[w]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." Rohrbaugh v. Celotex Corp., 53 F.3d 1181, 1183 (10th Cir.1995) (citations omitted). "This principle applies to all 'issues previously decided, either explicitly or by necessary implication.' " Id. (citations omitted).
 
 
 17
 Rice relies on our decision in Rohrbaugh to support his contention that the district court violated the law of the case on remand. In Rohrbaugh this Court had previously ruled that the evidence presented at trial did not establish that the defendant had a duty to warn the plaintiff because the plaintiff in that case was not a foreseeable purchaser or user of the product. Id. at 1183. On remand, the plaintiff did not produce any additional evidence to establish the defendant's duty to warn. Id. The district court granted the defendant's motion for summary judgment based on the law of the case doctrine. The plaintiff appealed to this court. In rejecting the plaintiff's claim we held that because the plaintiff had failed to submit any evidence aside from that presented at trial, the district court was bound by this Court's prior decision which held the evidence was insufficient to establish the defendant's duty to warn. Id. at 1183-84. Rice argues that the district court in this case was similarly bound to find the trial evidence presented by the government insufficient to establish the tax loss of $41,189. Rice bases this claim on this court's comments in Rice that the government introduced no evidence "concerning any tax loss suffered by the government as a result of the defendant's evasion or receipt of the fraudulent refunds." See Rice, 52 F.3d at 848.
 
 
 18
 Rice's reliance on Rohrbaugh is misplaced. In Rohrbaugh, the prior court statements determined by this court to be the law of that case were "holdings ... essential to the determination of the first appeal...." Rohrbaugh, 53 F.3d at 1184. By contrast, the statements in Rice which are at issue here are dicta. We have defined dicta as "statements and comments in an opinion concerning some rule of law or legal proposition not necessarily involved nor essential to determination of the case in hand." Rohrbaugh, 53 F.3d at 1184 (quoting Black's Law Dictionary 454 (6th ed.1990)). The statements made in Rice regarding the evidence admitted at trial were made in the context of the court's discussion of the proper allocation of the burden of proof with respect to sentencing enhancement. The issue before the court was whether the district court incorrectly imposed the burden of proof on Rice with respect to the sentencing enhancement issue. Rice, 52 F.3d at 847. The comments relating to the evidence admitted at trial were neither necessarily involved nor essential to the determination of the burden of proof issue. Thus, the comments are dicta intended to provide background for the court's holding with respect to the burden of proof issue. This point is further reinforced by the fact that we remanded the sentencing issue to the district court, inviting the court to reexamine the evidence in light of our determination on the burden of proof issue.
 
 
 19
 The court in Rohrbaugh did not determine whether dicta was subject to the law of the case doctrine because it concluded that the comments at issue in that case were not dicta. After considering this issue here, however, we agree with the majority of our sister circuits in holding that dicta is not subject to the law of the case doctrine. United States v. Velgar-Vivero, 8 F.3d 236, 240 n. 10 (5th Cir.1993) (holding that a statement, which was purely dicta and only intended to sanitize an appellate reversal from a double jeopardy defense, was not intended to be the law of the case), cert. denied sub nom. Rivas-Cordova v. United States, 114 S.Ct. 1865, and Torres-Tirado v. United States, 114 S.Ct. 2715 (1994); Coca-Cola Bottling Co. v. Coca-Cola Co., 988 F.2d 414, 430 (3d Cir.) (dicta cannot be the predicate for a ruling that the doctrine of law of the case was violated), cert. denied, 114 S.Ct. 289 (1993); Dedham Water v. Cumberland Farms Dairy, 972 F.2d 453, 459 (1st Cir.1992) ("Dictum constitutes neither the law of the case nor the stuff of binding precedent."); Great Lakes Dredge & Dock Co. v. Tanker, 957 F.2d 1575, 1578 (11th Cir.) (dicta is neither the law of the case nor binding precedent), cert. denied sub nom. Chevron Transp. Corp. v. Great Lakes Dredge & Dock Co., 506 U.S. 981 (1992); Milgard Tempering, Inc. v. Selas Corp. of America, 902 F.2d 703, 715 (9th Cir.1990) ("A significant corollary to the [law of the case doctrine] is that dicta have no preclusive effect."); United Steelworkers of America v. Johnson, 799 F.2d 402, 404 (8th Cir.1986) (views expressed as dicta cannot be the law of the case); National Souvenir Ctr. v. Historic Figures, Inc., 728 F.2d 503, 511 (D.C.Cir.) (factual issue immaterial to the court's disposition is not part of the law of the case), cert. denied sub nom. C.M. Uberman Enterprises, Inc. v. Historic Figures, Inc., 469 U.S. 825 (1984); Gertz v. Robert Welch, Inc., 680 F.2d 527, 533 (7th Cir.1982) ("[O]bservations, commentary, or mere dicta touching upon issues not formally before the Court do not constitute binding determinations" under the law of the case doctrine), cert denied, 459 U.S. 1226 (1983). Therefore, Rice's claims of error based on the law of the case doctrine must fail.
 
 
 20
 Finally, Rice argues that the government is guilty of prosecutorial vindictiveness because it presented additional evidence of tax loss at the resentencing hearing--namely the evidence of social security tax fraud--which it could have presented at the original sentencing hearing. This Court reviews de novo the legal principles guiding the district court with respect to a prosecutorial vindictiveness claim, while the district court's factual findings are reviewed for clear error. United States v. Wall, 37 F.3d 1443, 1448 (10th Cir.1994). The test for prosecutorial vindictiveness is "whether, as a practical matter, there is a realistic or reasonable likelihood of prosecutorial conduct that would not have occurred but for hostility or punitive animus towards the defendant because he exercised his specific legal right." Id. (citation omitted). The government responds that it did not introduce the social security evidence to punish Rice for appealing, but rather to help the newly-assigned judge understand "the scope and nature of the issue [he] was required to decide." Brief of Appellee at 21.
 
 
 21
 We conclude that the government's presentation of new evidence was not vindictive for two reasons: (1) the government told the sentencing judge it was not requesting a higher sentence based on the newly introduced evidence;[8] and (2) Rice's sentencing range remained the same regardless of whether the new evidence was considered or not. The total loss was still below $70,000.[9] In fact, Rice's sentence after resentencing was six months shorter than his first sentence.
 
 
 22
 For the foregoing reasons, we AFFIRM the district court's Order resentencing Rice pursuant to remand.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [2]
 18 U.S.C. 287 criminalizes false claims against the United States while 26 U.S.C. 7206(1) criminalizes false statements to the United States in a tax document
 3 U.S.S.G. 2F1.1 sets the offense level for offenses involving fraud or deceit against the United States. Section 2F1.1(a) sets the base offense level for any such crime at 6. Section 2F1.1(b)(1)(F) enhances the offense level by 5 when the loss by the government is more than $40,000 but less than $70,000.
 
 
 [4]
 Judge Burciaga presided over the trial and sentenced Rice originally. After Judge Burciaga died, the case was reassigned to Judge Conway
 
 
 [5]
 This is the break down of the figures according to the agent's testimony:
 Reported Tax Liability Reported Withholding
1987 "0" $ 9,765.00
1988 $ 851.00 $10,836.00
1989 $10,416.00 $20,588.00
 ($18,102.00 k $2,486.00 in
 "claimed excess social
 security taxes paid" 
 (Aplt Br. at 3))
 ---------- ------------
 Unpaid Tax Liability Refund Received
1987 "0" $ 9,765.00
1988 $ 851.00 $ 9,985.00
 ($10,836.00--$851.00)
1989 $10,416.00 $10,172.00
 ($20,588.00"$10,416.00)
 ---------- ------------
TOTAL $11,267.00 $29,922.00
 
 
 [6]
 The government also presented new evidence that Rice's scheme included filing false refunds for his ex-wife and father-in-law. However, the government stated that it sought only to use this evidence to explain the scheme to the newly-assigned court
 
 
 [7]
 This figure includes both the social security taxes that should have been withheld from Rice's check as an employee and matching withholding that he, as his employer, should have paid in and claimed to have paid in
 
 
 [8]
 See, for example, Resentencing Transcript at 41.23-42.5 (stating: "Your Honor, I would only like to say that the United States is not asking this Court to enhance the loss figure [by the new evidence]. We want the Court to be aware of them, we certainly want the Court to do that. We are asking that the level be left at 17 as it was based on the $41,189.00, and that the sentencing be done accordingly.")
 
 
 [9]
 This second reason distinguishes the present case from James v. Rodriguez, 553 F.2d 59 (10th Cir.), cert denied sub nom. Malley v. James, 434 U.S. 889 (1977), which Rice believes proves that the government acted vindictively. In James, the prosecutor filed a habitual offender enhancement after the defendant successfully appealed his first conviction. Id. at 59. Here, the government did not seek any further enhancement based on Rice's decision to appeal his first sentence