PUBLISH

UNITED STATES COURT OF APPEALS

**Filed 3/28/96**

TENTH CIRCUIT

UNITED STATES OF AMERICA, )
)
    Plaintiff-Appellee, )
)
vs. ) No. 95-6314
)
JOHN MICHAEL GASSAWAY, )
)
    Defendant-Appellant. )

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
(D.C. No. CR-95-20-A)

Patrick M. Ryan, United States Attorney, and Susan Dickerson Cox, Assistant United States Attorney, Oklahoma City, Oklahoma, for Plaintiff-Appellee.

David P. Henry and Joe E. White, Jr., Oklahoma City, Oklahoma, for Defendant-Appellant.

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.[*]

BALDOCK, Circuit Judge.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument.

For the calendar year 1991, Defendant John Michael Gassaway over reported to the IRS his itemized deductions on Form 1040 Schedule A and under reported his business income on Form 1040 Schedule C. Consequently, instead of properly reporting a balance owed of $17,565.00 on taxable income of $92,776.00, Defendant improperly claimed a tax refund due of $6,091.00 on taxable income of $20,969.00.[1]

A jury convicted Defendant John Michael Gassaway of filing a false income tax return in violation of 26 U.S.C. § 7206(1).[2] The district court accepted the presentence report ("PSR") sentencing guideline calculation of 12-18 months, and sentenced Defendant to twelve months imprisonment. Defendant appeals his sentence, arguing that the district court improperly: (1) utilized a base offense level of ten under U.S.S.G. § 2T1.3, and (2) denied him a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. We exercise jurisdiction under 18 U.S.C. § 3742(a)(2), and affirm.

---

[1] On his filed return, Defendant claimed a refund of $5,327.00. Due to a calculation error on the false return, however, the IRS "corrected" the error and recalculated the refund as $6,091.00. The IRS then credited this amount to Defendant's 1992 tax liability.

[2] Section 7206(1) provides:

Any person who--
   (1) **Declaration under penalties of perjury.**--Willfully makes and subscribes any return . . . which contains or is verified by a written declaration that it is correct under penalties of perjury, and which he does not believe to be true and correct as to every material matter;
. . .
shall be guilty of a felony . . . .

26 U.S.C. § 7206(1).

Defendant first argues that the district court improperly set his base offense level at ten consistent with the recommendation of the PSR.  The PSR applied the 1991 version of the guidelines without objection.  Section 2T1.3 of the 1991 guidelines applies to violations of 26 U.S.C. § 7206(1), and provides  in relevant part:

**Fraud and False Statements Under Penalty of Perjury**

(a)    Base Offense Level:

    (1)    Level from §2T4.1 (Tax Table) corresponding to the tax loss, if the offense was committed in order to facilitate evasion of a tax; or

    (2)    6, otherwise.

    For purposes of this guideline, the "tax loss" is 28 percent of the amount by which the greater of gross income or taxable income was understated, plus 100 percent of the total amount of any false credits claimed against tax.

U.S.S.G. § 2T1.3 (deleted by consolidation with § 2T1.1 effective Nov. 1, 1993).

Defendant argues that no tax loss occurred as a result of his filing a false tax return because after being notified of an IRS audit, but prior to being charged criminally, he paid the proper amount of tax (notably, without filing an amended return).  Thus, Defendant places his base offense level at six under § 2T1.3(a)(2).  The district court disagreed, and calculated Defendant's base offense level under § 2T1.3(a)(1).  The court concluded that Defendant sought to evade a $17,000.00 tax liability, while receiving a tax credit of $6,000.00, which amounted to a "tax loss" to the government of $23,000.00.  According

to the tax table, a tax loss between $20,000.00 and $40,000.00 establishes a base offense level of ten. U.S.S.G. § 2T4.1. While we review the district court's legal interpretation of the sentencing guidelines de novo, we review findings of fact made thereunder only for clear error. United States v. Lowder, 5 F.3d 467, 470 (10th Cir. 1993).

Defendant's argument that no tax loss occurred in this case is spurious at best. Defendant essentially asks us to hold that where a willful attempt to evade taxes fails, no tax loss occurs. The success or failure of tax evasion, however, does not govern the applicability of the guidelines. The district court properly calculated the tax loss under U.S.S.G. § 2T3.1(a)(1) by adding the tax credit which Defendant received to the amount of tax liability he sought to evade. United States v. Moore, 997 F.2d 55, 59-62 (5th Cir. 1993) (tax loss calculation dependent upon intended rather than actual loss); see also United States v. Rice, No. 95-2174, 1996 WL 44452 at *1-4 (10th Cir., Feb. 5, 1996) (unpublished) (tax loss calculated by adding amount of tax refund to amount of unpaid tax liability).

## II.

Defendant also argues that the district court improperly refused to decrease his base offense level for acceptance of responsibility. Section 3E1.1 of the 1991 Guidelines provides that a district court should reduce a defendant's base offense by two levels where "the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct." U.S.S.G. § 3E1.1 (emphasis added).

The commentary to § 3E1.1 states the two-level reduction "is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." U.S.S.G. § 3E1.1 application note 2. A defendant bears the burden of establishing his entitlement to a two-level reduction under § 3E1.1. United States v. Nelson, 54 F.3d 1540, 1544 (10th Cir. 1995). The district court has broad discretion to determine whether to award the reduction, and we will not disturb the court's decision absent clearly erroneous findings. United States v. Sloan, 65 F.3d 149, 152 (10th Cir. 1995).

Throughout these proceedings, Defendant never admitted that his conduct was willful or that he intended to commit a crime. Defendant instead claimed that he mistakenly filed a working draft of his 1991 tax return. Although he now appears willing to accept the consequences of his conviction, his late conversion is insufficient to establish acceptance of responsibility under § 3E1.1. We therefore conclude that Defendant did not demonstrate an acceptance of responsibility under § 3E1.1 and the district court was not clearly erroneous in refusing to grant the requested reduction.

AFFIRMED.