**Michael BATES, et al., Plaintiffs–Appellants,**

v.

**The DEPARTMENT OF CORRECTIONS OF the STATE OF KANSAS, Defendant–Appellee.**

No. 94–3331.

United States Court of Appeals, Tenth Circuit.

April 17, 1996.

Patricia E. Riley of Weathers & Riley, Topeka, Kansas, for Plaintiffs–Appellants.

Timothy G. Madden, Special Assistant Attorney General, Topeka, Kansas, for Defendant-Appellee.

Before HENRY, Circuit Judge, McWILLIAMS, Senior Circuit Judge, and KERN, District Judge.*

* Honorable Terry C. Kern, District Judge of the United States District Court for the Northern District of Oklahoma, sitting by designation.

McWILLIAMS, Senior Circuit Judge.

Pursuant to the provisions of the Fair Labor Standards Act (FLSA), Robert S. Ackley and others, all correctional officers at the Hutchinson Correctional Facility, Hutchinson, Kansas, brought suit, in the United States District Court for the District of Kansas, against the Department of Corrections of the State of Kansas (Department). 29 U.S.C. §§ 201, *et seq.*[1] The gist of the complaint was that the plaintiffs had worked overtime at the Hutchinson Correctional Facility, i.e. more than forty hours per week, for which they had not been given overtime pay as provided for by 29 U.S.C. § 207(a).

Jumping ahead, by the time of trial it was apparently agreed that the plaintiffs had, in fact, been on the job, so to speak, five days a week, eight and a half hours per day, for a total of forty-two and a half hours per week, which is two and a half hours in excess of the forty-hour week provided for in 29 U.S.C. § 207(a). However, it was the position of the Department of Corrections that on each eight and a half hour day, the plaintiffs received a half hour bona fide meal period, which, under 29 C.F.R. § 785.19, was *not* work time. All of which would mean that the individual plaintiffs only had forty hours of work time per week, i.e. forty-two and a half hours minus two and a half hours, and therefore would not qualify under 29 U.S.C. § 207(a) for overtime. Such being the case, the issue of compensability of meal periods was stated in a pretrial order as follows:

Whether any break afforded plaintiffs is a bona fide meal period within the criteria specified by 29 CFR § 785.19 or whether it is compensable work time for which plaintiffs are required to be paid at a rate of one and one-half times their regular hourly wage.

A jury trial ensued on the issue of whether the plaintiffs did receive bona fide meal periods. In this regard, the jury was instructed, *inter alia,* that if it found for the plaintiffs, it should not decide the amount of overtime compensation owed the plaintiffs, and that

1. Robert S. Ackley and certain of the correctional officers were dismissed from the case by the district court, with prejudice.

the court would make that determination. Without objection, the district court submitted the following form of verdict to the jury:

## VERDICT

We, the jury, duly impaneled and sworn, upon our oaths, present the following answers to the questions submitted by the court:

(1) Did the plaintiffs prove that the defendant Kansas Department of Corrections violated the Fair Labor Standards Act by failing to compensate them for meal periods which they did not receive during all shifts other than guard tower assignments? (Circle the appropriate answer.)

YES    NO

(2) Did plaintiffs prove that the defendant Kansas Department of Corrections violated the Fair Labor Standards Act by failing to compensate them for meal periods which were not bona fide? (Circle the appropriate answer.)

YES    NO

The jury answered each of these interrogatories, "NO." The plaintiffs appeal.

The only issue raised on appeal relates to question (2) and that issue is whether the jury was properly instructed on the question of what constitutes a bona fide meal period. In other words, if the meal period was bona fide, there was no overtime pay due under FSLA, but if the meal period was not bona fide, then overtime pay would be due under FSLA. And, as we understand it, the plaintiffs' only objection to the instruction given the jury defining a bona fide meal period was that it did not instruct the jury that in order for a meal period to be a bona fide meal period, it must be "scheduled" and "occur at a regular time." In thus arguing, counsel relies on *Lamon v. City of Shawnee, Kansas,* 972 F.2d 1145 (10th Cir.1992), *cert. denied,* 507 U.S. 972, 113 S.Ct. 1414, 122 L.Ed.2d 785 (1993).

The district court held, and the parties agree, that we are not here concerned with the partial exemption from FLSA provided for in 29 U.S.C. § 207(k), and that the overtime provisions of FLSA applicable to the instant case are 29 U.S.C. § 207(a)(1). Such being the case, we are not here concerned, as such, with 29 C.F.R. § 523.223 (meal time) which, by its own terms, is limited to public agencies using 29 U.S.C. § 207(k).

The parties further agree that, as concerns the issue of compensable vis-a-vis noncompensable meal time, we are here concerned with 29 C.F.R. § 785.19, which reads as follows:

### § 785.19 Meal.

(a) *Bona fide meal periods.* Bona fide meal periods are not work time. Bona fide meal periods do not include coffee breaks or time for snacks. These are rest periods. The employee must be completely relieved from duty for the purposes of eating regular meals. Ordinarily 30 minutes or more is long enough for a bona fide meal period. A shorter period may be long enough under special conditions. The employee is not relieved if he is required to perform any duties, whether active or inactive, while eating. For example, an office employee who is required to eat at his desk or a factory worker who is required to be at his machine is working while eating.

At trial, the plaintiffs and the Department tendered proposed instructions to the district court defining a "bona fide meal period," both of which included the following sentence: "A bona fide meal period is scheduled and occurs at a regular time in order that the employee can effectively use the break time for personal pursuits." The district court, after discussion with counsel, declined to put that one sentence in the instruction which it proposed to give defining a "bona fide meal period." The instruction which the district court thereafter did give the jury defining a "bona fide meal period" read as follows:

## INSTRUCTION NO. 9

Under the Fair Labor Standards Act, bona fide meal periods are not compensable work time. A bona fide meal period ordinarily lasts thirty minutes or more. In contrast, short periods away from work, commonly known as break periods, are compensable work time.

To qualify as bona fide meal periods, the employee must be relieved from duty. An employee is relieved from duty when the employee's time is not spent predominantly for the benefit of the employer. In other words, if during meal periods the employee's time and attention are primarily occupied by a private or personal pursuit, such as relaxing or eating, then the employee is relieved from duty. On the other hand, if during meal periods the employee's time or attention is taken up principally by work responsibilities that prevent the employee from comfortably and adequately passing the mealtime, then the employee has not been relieved from duty.

An employee is not denied a bona fide meal period by being restricted to the employer's premises, if the employee is otherwise relieved of duties during the meal period. An employee is not denied a bona fide meal period by being on-call with some limited duties, if the employee otherwise spends his time and attention predominantly in pursuit of personal or private interests.

■ As indicated, the only issue raised on appeal by plaintiffs is that the district court erred in refusing to instruct the jury that for a meal period to be a bona fide meal period it must be "scheduled" and "occur at a regular time." The evidence adduced at trial indicated that though there may have been some meal periods that were more or less scheduled and more or less occurred at a regular time, many were not. In this regard, the Warden of the Correctional Institution testified that the timing of an officer's meal period was generally determined by his individual supervisor and depended, sometimes, on the exigencies of the moment.

Plaintiffs' position in this Court is that *Lamon,* 972 F.2d at 1157, mandates that an instruction defining "bona fide meal period" include language that "uncompensated meal periods 'must be scheduled, occur at a regular time, and normally be thirty minutes or

more.'" The district court rejected this argument, as do we.

*Lamon* involved 29 U.S.C. § 207(k) and 29 C.F.R. § 553.223, whereas the instant case involves 29 U.S.C. § 207(a) and 29 C.F.R. § 785.19.[2] The district court in *Lamon* had instructed the jury, *inter alia,* that "[t]o qualify as a bona fide meal period, the employee must be completely relieved from duty for the purposes of eating regular meals." On appeal, we held that such an instruction was reversible error and that "a law enforcement employee is completely relieved from duty during a meal period, for purposes of § 553.223(b), when the employee's time is not spent predominantly for the benefit of the employer." *Id.* at 1157. That was our holding in *Lamon.*

■ It is true that in *Lamon* we said "[a]lso, 553.223(b), by reference to § 785.19, mandates that uncompensated meal periods 'must be scheduled, occur at a regular time, and normally be thirty minutes or more.'" *Id.* (citing *Lee v. Coahoma County,* 937 F.2d 220, 225 (5th Cir.1991)). We do not, however, regard the foregoing as a *holding* in *Lamon.* In this regard, a panel of this Court is bound by a holding of a prior panel of this Court but is not bound by a prior panel's *dicta. United States v. Rice,* 76 F.3d 394, 1996 WL 44452 (10th Cir. Feb.5, 1996); *United States v. Burroughs,* 5 F.3d 192, 194 (6th Cir.1993).

*Lee v. Coahoma County, supra,* relied on by us in *Lamon,* also involved 29 U.S.C. § 207(k) and 29 C.F.R. § 553.223. In *Lee,* the Fifth Circuit Court of Appeals affirmed the district court's conclusion that the meal periods were not compensable. In so doing, the Fifth Circuit described the argument of the plaintiffs, who were deputies in the sheriff's office, as follows:

The deputies also claim that the district court erred in concluding that their meal breaks were not compensable. They point out that § 7(k) requires a law enforcement employee to be completely relieved from duty during the meal period in order to exclude the meal period from the hours

**2.** 29 C.F.R. § 553.223 and 29 C.F.R. § 785.19, though quite similar, are not completely identi-     cal.

worked. Title 29 C.F.R. § 553.223 so provides. The meal period must be scheduled, occur at a regular time, and normally be thirty minutes or more. 29 C.F.R. § 785.19. The deputies argue that since their meal periods were on a "catch as catch can" basis and they were often required to cut their meal periods short and could be called back to duty at any time, the twenty minute meal periods were compensable.

It appears to us that in *Lee* the phrase "scheduled [and] occur at a regular time" was only used in describing the plaintiffs' position on the question of what constitutes "bona fide meal time." In any event, as indicated, the Fifth Circuit in *Lee* affirmed the district court's conclusion that the sheriff's deputies were given bona fide meal times, and we do not read *Lee* as holding that in order for there to be a bona fide meal time, the meals must be "scheduled" and "occur at a regular time."

In *Armitage v. City of Emporia, Kansas,* 982 F.2d 430 (10th Cir.1992), the district court, in a bench trial, had awarded back pay to city police detectives for, *inter alia,* lunch periods under FSLA. In so doing, the district court concluded that "the detectives should be compensated for their lunch periods because they 'were not completely relieved of duty' " during their lunch periods. We reversed and remanded with directions that the district court enter judgment for the City of Emporia, stating that *Lamon* "sets forth the correct standard and requires a different outcome under these facts." We find nothing in *Armitage* to indicate that the lunch periods there involved had to be "scheduled" and "occur at a regular time."

Counsel agree there is no language in C.F.R. § 785.19 which states that in order for a meal period to be bona fide it must be "scheduled" and "occur at a regular time." It is not for us to insert such into the regulation. We should accept the regulation as written. Any reliance by counsel on 29 C.F.R. § 785.16, which provides that periods during which an employee is completely "off-duty" are not hours worked, is in our view misplaced. Further, we find no language in Wage and Hour Opinion Letter WH–525 to

the effect that for a meal period to be bona fide it must be "scheduled" and "occur at a regular time."

We do not agree that such cases as *Brinkman v. Department of Corrections of the State of Kansas,* 21 F.3d 370 (10th Cir.1994), cert. denied, —— U.S. ——, 115 S.Ct. 315, 130 L.Ed.2d 277 (1994); *Alexander v. City of Chicago,* 994 F.2d 333 (7th Cir.1993); and *Kohlheim v. Glynn County, Georgia,* 915 F.2d 1473 (11th Cir.1990), relied on by the plaintiffs, suggest, if indeed not mandate, an instruction to the effect that in order for a meal period to be bona fide within 29 C.F.R. § 785.19 it must be "scheduled" and "occur at a regular time."

*Brinkman* affirmed a district court's judgment in favor of correctional officers at the Lansing Correctional Facility, Lansing, Kansas for overtime pay for meal breaks during which "their activities were curtailed" and where meal breaks were not, in some instances, even received. We did not hold in *Brinkman* that in order for the meal breaks there at issue to be bona fide they had to be "scheduled" and "occur at a regular time."

*Alexander* involved 29 U.S.C. § 207(k), and the Seventh Circuit in that case held that the allegations in the complaint that the "restrictions applied to their half-hour meal periods necessitated that they [Chicago Police Officers] be compensated for such breaks" under FLSA were sufficient to withstand the City's motion for judgment on the pleadings.

*Kohlheim* also involved 29 U.S.C. § 207(k), and the Eleventh Circuit in that case stated that "the essential consideration in determining whether a meal period is a bona fide meal period ... is whether the employees are in fact relieved from work for the purpose of eating a regularly scheduled meal." We do not regard *Kohlheim* as mandating an instruction to the jury that meal periods must be scheduled in advance and occur at a regular time each day in order to be bona fide. As indicated, *Kohlheim* was concerned with the question of whether the employees there involved were in fact "relieved from work" during the meal break.

In sum, we find no case which holds that in order for a meal period to be a bona fide

meal time under 29 C.F.R. § 785.19 it must be "scheduled" and "occur at a regular time," and we decline to judicially insert that language into the regulation.

Judgment affirmed.