Terry D. **SMITH**, Timmy C. Fuchs, Darwin D. Moore, Ronald L. Walls, Michael O. Toci, Shawn E. Dent and other similarly situated individuals, Plaintiffs,

v.

**BNSF RAILWAY COMPANY and United Transportation Union, Defendants.**

Civil Action No. 06–2534–CM.

United States District Court, D. Kansas.

Aug. 20, 2007.

Joseph H. Cassell, Leslie K. Harrell–Latham, Redmond & Nazar, L.L.P., Wichita, KS, for Plaintiffs.

David C. Vogel, Lathrop & Gage, LC, Kansas City, MO, Marc H. Klein, Stephen F. Fink, Thompson & Knight, Dallas, TX, Kevin C. Brodar, United Transportation Union, Cleveland, OH, Robert D. Loughbom, Lenexa, KS, for Defendants.

### MEMORANDUM AND ORDER

CARLOS MURGUIA, District Judge.

Plaintiffs, employees of defendant BNSF Railway Company's ("BNSF"), bring this putative collective action, alleging that defendants violated the Fair Labor Standards Act ("FLSA") by failing to pay plaintiffs for hours they worked while performing "familiarization trips"[1] that BNSF requires for trainmen who transfer from one Grand Seniority District[2] to another. Plaintiffs also claim that defendants BNSF and United Transportation Union's ("UTU") entered into an illegal agreement regarding the familiarization trips, ("2002 Agreement"). The agreement provides that

> employees exercising seniority within a Grand Seniority District would be entitled to brakeman's wages when required to make familiarization trips, but employees exercising seniority into a Grand Seniority District, or from one Grand Seniority District to another Grand Seniority District would not be entitled to such compensation for making familiarization trips.

---

1. "Familiarization" is the process where trainmen make runs with crews currently working out of a terminal to become familiar with the different conditions of each run or job.

2. A Grand Seniority District is a geographic area that once defined where a trainman could work. There are various Grand Seniority Districts, including the Northern, Southern, Eastern, Western, and Coastline Districts.

(Pls.' Compl. at ¶ 47.) Plaintiffs seek a declaratory judgment regarding the validity of the 2002 Agreement. This matter is before the court on Plaintiffs' Motion for Conditional Certification of Collective Action and Authorization to Send Notice of Collective Action to Similarly Situated Class Members (Doc. 15).

## I. Standards for Judgment

Conditional certification of a class under the FLSA requires compliance with the FLSA class action mechanism, which states: "An action to recover the liability prescribed in either of the preceding sentences may be maintained ... by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Whether an employee may maintain a § 216(b) class action, then, depends on whether he or she is "similarly situated" to other members of the putative class. Although § 216(b) does not define the term "similarly situated," the Tenth Circuit has endorsed the *ad hoc* method of determination. *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir.2001).

■ Under the *ad hoc* method, "a court typically makes an initial 'notice stage' determination of whether plaintiffs are 'similarly situated.'" *Id.* at 1102 (citing *Vaszlavik v. Storage Tech. Corp.*, 175 F.R.D. 672, 678 (D.Colo.1997)). This initial determination "'require[s] nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan.'" *Id.* (quoting *Vaszlavik*, 175 F.R.D. at 678 (quoting *Bayles v. Am. Med. Response of Colo., Inc.*, 950 F.Supp. 1053, 1066 (D.Colo.1996))).

■ "Because the court has minimal evidence, [the notice stage] determination ... typically results in 'conditional certification' of a representative class." *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995). The "similarly situated" standard is considerably less stringent than Rule 23(b)(3)

class action standards. *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir.1996). After the parties have completed discovery, the court then makes a second determination, applying a stricter "similarly situated" standard. *Thiessen*, 267 F.3d at 1102–03 (citation omitted).

## II. Discussion

Plaintiffs ask the court to conditionally certify a class of "all brakemen and conductors employed by BNSF from December 5, 2003 to present, who underwent unpaid familiarization at any time." (Pls.' First Amend. Notice Doc. 33.) Defendants do not oppose the conditional certification of a class but argue it should be limited to brakemen and conductors who "posted for and performed familiarization trips from December 5, 2003 through December 5, 2006, without receiving pay for those trips." (Def. BNSF's Br. at 1.) Defendants argue that plaintiffs' proposed class includes potential members that are outside the three-year statute of limitations for willful violations.[3] Plaintiffs argue that the limitations period should be tolled under the doctrine of equitable tolling.

The Tenth Circuit has not addressed the circumstances in which the equitable tolling doctrine applies to FLSA claims. It has, however, addressed the doctrine in the context of other statutes, including Title VII of the Civil Rights Act of 1964. As plaintiffs point out, the doctrine applies in Title VII cases only when there has been "active deception." *Johnson v. U.S. Postal Serv.*, 861 F.2d 1475, 1480–81 (10th Cir.1988); *Million v. Frank*, 47 F.3d 385, 389 (10th Cir.1995). The Sixth Circuit set forth the following factors to be considered when determining if the doctrine applies to a FLSA claim:

(1) whether the plaintiffs lacked actual notice of their rights and obligations; (2) whether they lacked constructive notice; (3) the diligence with which they pursued their rights; (4) whether the defendant would be prejudiced if the statute were

---

**3.** A two-year statute of limitations generally applies to FLSA actions. 29 U.S.C. § 255(a); *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 135, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988). But if a plaintiff can establish that an employer's

violation of the FLSA is willful, the limitations period extends to three years. 29 U.S.C. § 255(a); *see also Brinkman v. Dep't of Corrs.*, 21 F.3d 370, 372 (10th Cir.1994).

tolled; and (5) the reasonableness of the plaintiffs' remaining ignorant of their rights.

*Archer v. Sullivan County, Tenn.*, Nos. 95–5214, 95–5215, 1997 WL 720406, at *3 (6th Cir. Nov.14, 1997).

■ Plaintiffs do not address the *Archer* factors; they argue only that defendants actively deceived them. For the reasons set forth below, the equitable tolling doctrine does not apply under either analysis. Plaintiffs allege that defendants have actively misled and lied to the putative class members since January 1996. According to plaintiffs, defendants' representatives told employees that the 2002 Agreement was valid and passed "statutory muster." But plaintiffs have provided no affidavits or sworn testimony to support their argument. Nothing in the record suggests that defendants actively deceived the putative class members.

Additionally, the *Archer* factors do not support tolling the statute of limitations. First, plaintiffs were aware that they would not be paid for the familiarization trips before the statute of limitations expired. Defendants repeatedly told trainmen that they would not be paid for familiarization trips, and plaintiffs knew they were not paid for the trips when they received their paychecks. Plaintiffs also knew defendants had an agreement regarding the unpaid familiarization. Although defendants did not provide plaintiffs with copies of the 2002 Agreement, they told them that the unpaid familiarization was due to an agreement between defendant BNSF and defendant UTU. Second, nothing in the record suggests that plaintiffs diligently pursued their rights. Third, tolling the statute of limitations would prejudice defendants because it would expose them to claims that accrued more than ten years ago. Finally, plaintiffs have offered no evidence suggesting that it was reasonable for them to remain unaware of their rights despite being aware of the facts giving rise to the allegations. Based on the record before it, the court finds that the doctrine of equitable tolling is inapplicable to plaintiffs' FLSA claims. Because the statute of limitations is not tolled, the conditional class includes only members whose claims fall within the applicable statute of limitations.

Plaintiffs request that defendants provide them with the name and last known address and telephone number of all individuals within the conditional class. Defendants do not object to plaintiffs' request, and the court orders defendants to provide the information to plaintiffs within fourteen days of this order. Defendant BNSF does, however, object to plaintiffs' proposed notice. This order and the court's order on defendants' motions to dismiss (Doc. 49) have changed various aspects of plaintiffs' proposed notice. The court directs the parties to consult regarding their remaining differing positions on notice content. If they can reach an agreement, the parties should submit a joint proposed notice to the court for approval within fourteen days of this order. If the parties cannot agree, plaintiffs should submit their proposed notice with a brief in support within fourteen days. Defendants shall respond within fourteen days, and plaintiffs shall reply within an additional fourteen days. The parties are encouraged to reach an agreement without court intervention.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Conditional Certification of Collective Action and Authorization to Send Notice of Collective Action to Similarly Situated Class Members (Doc. 15) is granted in part and denied in part. Defendants are ordered to provide plaintiffs with the name and last known address and telephone number of all individuals within the conditional class.

**IT IS FURTHER ORDERED** that the parties should submit a joint proposed notice to the court for approval within fourteen days of this order. If the parties cannot agree, plaintiffs should submit their proposed notice with a brief in support within fourteen days. Defendants shall respond within fourteen days, and plaintiffs shall reply within an additional fourteen days.